[Civ. No. 31305. Fourth Dist., Div. One. Dec. 14, 1984.]

IRVING J. RICH et al., Plaintiffs and Appellants, v.
RONALD S. SCHWAB et al., Defendants and Respondents.

## COUNSEL

Irving J. Rich, in pro per., Procopio, Cory, Hargreaves & Savitch and Linda Cory Allen for Plaintiffs and Appellants.

Christison, Martin & Oggel and Stephen P. Oggel for Defendants and Respondents.

## OPINION

**BROWN (Gerald), P. J.**—Plaintiffs Irving Rich, John Temple, Ed Tucknies, John Felker and Robert Swanson (Tenants) appeal a summary judgment favoring defendants Ronald Schwab and David Dawes (Landlord). Tenants meritoriously contend Landlord improperly noticed a rent increase and Landlord's motive in raising their rent is a triable factual issue; also the matter is an appropriate class action.

I

Plaintiffs are tenants in Rancho Carlsbad Mobilehome Park (RCMP). Defendants are partners in Western Land and Development Company, doing business as RCMP.

In the fall of 1980, the 470 RCMP lessees created a tenants' association to prevent expected rent increases. Tenants were members of the organization's negotiating committee.

Tenants petitioned the City of Carlsbad (City) to adopt a mobilehome park rent control ordinance. Finding a critically low mobilehome vacancy rate and rising exorbitant rents, the City adopted an ordinance prohibiting mobilehome park rent increases until December 28, 1980. Two days after the City adopted the ordinance, Landlord noticed a 13 percent rent increase effective January 1, 1981.

On December 16, 1980, the City extended the rent moratorium until February 28, 1981. On December 17, 1980, Landlord told Tenants the City's

ordinance was unlawful and the 13 percent increase was due as previously noticed.

The parties agreed to arbitrate rent increases. Satisfied this agreement would solve mobilehome park rent problems, the City allowed the rent moratorium to expire February 28, 1981.

On March 1, 1981, Landlord notified RCMP lessees each resident's rent was increased $80 effective May 1, 1981. Tenants did not receive actual notice until March 3, 1981. Realizing an increase due May 1 would give less than 60 days notice, on April 30, 1981, Landlord postponed the $80 increase until May 7, 1981.

Tenants brought a class action on behalf of RCMP lessees. The first cause of action alleged the $80 increase was improperly noticed (Civ. Code, § 798.30). The second cause of action alleged the $80 increase was unlawfully imposed to retaliate against RCMP lessees for their organizing and petitioning the City for rent control (Civ. Code, § 1942.5, subd. (c)).

The court granted Landlord's motion for summary judgment on the first cause of action, but denied summary judgment on the second cause of action.

Tenants' motion to certify the action as a class action was denied without prejudice. The same motion brought three months later was also denied without prejudice.

Landlord again sought summary judgment on the second cause of action. Finding Landlord's motive was not a triable issue and was not retaliatory, the court granted Landlord summary judgment and awarded Landlord $420.19 in costs and $57,130.50 in attorney fees (Civ. Code, § 1942.5, subd. (g)).

## II

Civil Code section 798.30 states: "The management shall give a homeowner written notice of any increase in his or her rent at least 60 days before the date of the increase."

Here, Landlord's March 3 notice of the May 1 increase gave Tenants 58 days notice. Admitting the untimely notice confused Tenants, on April 30, 1981, Landlord postponed the increase, stating the increase was due May 7.

■ Tenant Rich[1] correctly asserts the 58 days notice was insufficient to increase rent May 1. Civil Code section 798.30 states management "shall" give "at least" 60 days notice. Where, as here, the statute clearly requires 60 days notice, Landlord cannot avoid the rule by giving only 58 days notice. (See *Hogya* v. *Superior Court* (1977) 75 Cal.App.3d 122, 133 [142 Cal.Rptr. 325].)

Asserting the March 3 notice is not only insufficient to raise rent May 1, but is wholly void, Rich correctly contends the court should not have granted Landlord summary judgment on the first cause of action. Landlord's March 3 notice, untimely as to its stated May 1 effective date, is void and cannot properly increase rent 60 days after Tenants' receipt. Contrary to Landlord's assertion, Rich's contention does not rest on the notice's "technical" defect. Instead, the rule an insufficient notice is a nullity for all purposes recognizes Tenants' reasonable expectation rent cannot be increased without a proper 60 days notice.

Because Landlord is not entitled to judgment as a matter of law, the court improperly granted Landlord summary judgment on the first cause of action (Code Civ. Proc., § 437c, subd. (c)).

### III

Under Civil Code section 1942.5, subdivision (c), Landlord may not raise rent to retaliate against Tenants' participation in RCMP's lessees' association. Here, Landlord raised rent $80 following Tenants' complaints to the City for rent control. This increase, if done to retaliate, violated section 1942.5, subdivision (c).

■ The rent increase was subject to the parties' arbitration agreement. Asserting retaliation is impossible where, as here, the arbitrator would strike any arbitrary rent increase, Landlord contends the court properly granted summary judgment. However, the arbitration agreement does not negate retaliatory motive as a matter of law. Under the arbitration agreement, Tenants must fully pay noticed rent increases pending the arbitrator's decision. Here, the arbitrator did not decide the May $80 increase until September. Although Landlord must repay with interest amounts the arbitrator deems unreasonable, Landlord could intentionally impose hardship by demanding Tenants presently pay excessive rent. Such action could be especially harsh where, as here, several Tenants are elderly, retired, and live on fixed incomes.

---

[1]The original notice of appeal was filed on behalf of all named plaintiffs, including Irving Rich. Rich later decided to represent himself and filed his individual brief. Only Rich argues the March 3 notice is wholly void.

Landlord imposed the $80 increase on all RCMP lessees. Moreover, Landlord produced appraisers' declarations stating RCMP rent was unreasonably low without the $80 increase. Asserting the increase was nondiscriminatory and motivated by sound business judgment, Landlord contends the court properly granted summary judgment. However, the question of impermissible purpose is one of fact (*Schweiger* v. *Superior Court* (1970) 3 Cal.3d 507, 517 [90 Cal.Rptr. 729, 476 P.2d 97]). Evidence Landlord had some justifiable reasons for increasing rent will not summarily defeat a claim of retaliation. Instead, the court must consider Tenants' showing in opposition to determine if a triable issue exists (*La Rosa* v. *Superior Court* (1981) 122 Cal.App.3d 741, 745 [176 Cal.Rptr. 224]).

Tenants could prove Landlord's retaliatory purpose only by circumstantial evidence. Landlord's quick response to Tenants' protected acts (Civ. Code, § 1942.5, subd. (c)) shows Landlord may have increased rent to retaliate against Tenants' rent control efforts. Two days after the first rent moratorium, Landlord noticed a 13 percent rent increase. Four days after agreeing, under City pressure, to arbitrate future rent increases, Landlord noticed the $80 per month increase. Moreover, in his declaration, a RCMP lessee stated Landlord Schwab told him Schwab intended to make Tenants' life difficult because management spent over $40,000 in attorney fees contesting the City's rent moratorium. Further, the arbitrator ultimately reduced the $80 increase to $30. Considering the arbitrator's decision finding an $80 increase excessive, a jury could reasonably conclude Landlord's purported business motive was a pretext. Where, as here, an inference of retaliation may reasonably be drawn, the court improperly granted Landlord summary judgment on the section 1942.5, subdivision (c) cause of action.

IV

■ Tenants sought class certification before Landlord answered Tenants' second amended complaint. The court denied Tenants' motion to certify without prejudice because the motion was premature. Granting Landlord summary judgment, the court never considered the merits of Tenants' motion. Tenant Rich[2] correctly contends the court should certify the class.

A class action is appropriate where there is an ascertainable class and a community of interest in the legal and factual questions involved (Code Civ. Proc., § 382). Here, the class of March 1, 1981, RCMP lessees is ascertainable because identifiable from Landlord's business records without unreasonable expense or time. (See *Rose* v. *City of Hayward* (1981) 126 Cal.App.3d 926, 932 [179 Cal.Rptr. 287].) Moreover, there is a sufficient

---

[2]Only Tenant Rich makes this contention.

community of interest. Common questions of law and fact predominate: Tenants and every class member received identical March 1, 1981, $80 rent increases; whether the notice violated Civil Code section 798.30 and was imposed to retaliate are decisive issues common to class members. Tenants' claims are typical of the class and Landlord makes no showing Tenants cannot adequately represent the class. On this record, Tenants' suit is a paradigmatic class action.

The judgment is reversed, with directions to the superior court to certify the class action. The order awarding Landlord costs and attorney fees under Civil Code section 1942.5, subdivision (g) is vacated, there being no prevailing party at this stage.

Staniforth, J., and Butler, J., concurred.