[No. B078275. Second Dist., Div. Six. Jan. 31, 1995.]

PINNACLE HOLDINGS, INC., Plaintiff and Appellant, v. HAROLD SIMON et al., Defendants and Respondents.

## COUNSEL

Hart, King & Coldren, Robert S. Coldren and C. William Dahlin for Plaintiff and Appellant.

Kurt Delsack, Michael Goode, L. M. Schulner, Timothy S. Camarena and Richard A. Weinstock for Defendants and Respondents.

## OPINION

**STONE (S. J.), P. J.**—Four tenants of a mobilehome park protested the park owner's request for a rental increase. This exercise of free speech and right to protest resulted in their being named as defendants in the park owner's action against the city for failure to grant the total relief requested. Do the tenants have to remain in the lawsuit and represent unwillingly the rest of the mobilehome park tenants? They do not.

Pinnacle Holdings, Inc. (Pinnacle), appeals from judgments of dismissal in favor of respondents Patty Cau and Harold Simon following the court's sustaining respondents' demurrers without leave to amend and denying Pinnacle's motion to certify respondents as representatives of a class. Pinnacle asserts that the individual defendants were proper parties to the cause of action for declaratory relief as real parties in interest and that the motion to determine and certify the tenants as a class should have been granted. We affirm the judgments.

### FACTS

Pinnacle owns and operates Imperial Ventura Mobile Estates, a residential mobilehome park which is subject to the City of San Buenaventura's (City)

mobilehome park rent control ordinance No. 81-39, as amended by City Ordinance Nos. 84-13, 86-1 and 87-15 (Ordinance). In late 1992, Pinnacle applied to the City's mobilehome rent review board (Board) for a discretionary rent increase pursuant to the Ordinance. The Board made an oral decision to allow a lesser increase than requested by Pinnacle. Pinnacle filed a petition for writ of mandate/administrative mandamus and complaint for declaratory relief, challenging the City's decision. Along with the City and the Board, Pinnacle named as defendants and real parties in interest four individual tenants of the mobilehome park who had attended the hearing before the Board to protest Pinnacle's requested rent increases. Pinnacle also filed a motion pursuant to Code of Civil Procedure section 382 to determine class certification.

Two of the named defendants, Patty Cau (mistakenly named as Patty "Cowe") and Harold Simon, demurred to the petition on grounds of misjoinder and failure to state a cause of action against defendants Cau and Simon for declaratory relief. (Code Civ. Proc., § 430.10, subds. (d), (e), (f).) They and another named defendant, William J. Kilduff, opposed certification of class defendants with them as named representatives. The court sustained respondents' demurrers without leave to amend and denied Pinnacle's motion for certification of class. Judgments of dismissal were subsequently entered.

## DISCUSSION

▮ Pinnacle asserts that the trial court erred in sustaining the demurrers because the individual defendants were proper parties to the cause of action for declaratory relief as real parties in interest. The verified petition declared that "Defendants and Real Parties in Interest William J. Kilduff, Patty Cowe, Patrick Burke and Harold Simon are, and at all times herein mentioned were, residents (tenants) located and currently residing within Imperial Ventura and *not* lessees pursuant to a long-term lease. Pinnacle is informed and believes and thereon alleges that said Real Parties in Interest appeared herein on their own behalf, and on behalf of all similarly situated residents (tenants) of Imperial Ventura. . . ."

The first cause of action for traditional writ of mandate (Code Civ. Proc., § 1085) was against only the Board for violation of applicable laws. The second cause of action for administrative mandamus (Code Civ. Proc., § 1094.5) was also against the Board for allegedly exceeding its jurisdiction and authority, constituting a prejudicial abuse of discretion. The third cause of action for declaratory relief was against all defendants. It alleged that "[a]n actual controversy has arisen and now exists between Pinnacle and

Respondents/Defendants, and each of them, concerning what is the proper and lawful interpretation of the Ordinance, the City of San Buenaventura's compliance with the Ordinance, applicable law, and the City of San Buenaventura's compliance with applicable law."

The third cause of action also alleged that ". . . Respondents/Defendants, and each of them, contend and take an opposite position in regard to each of the contentions of Pinnacle as set forth above." It further alleged that "[a] judicial determination and declaration regarding the above-referenced controversy is necessary and appropriate so as to settle the rights, duties and obligations of the parties hereto. A judicial declaration is further necessary and appropriate at this time because an actual controversy exists between Pinnacle and Respondents/Defendants, and each of them, and Pinnacle needs to ascertain its rights, duties and obligations under the Ordinance without being subjected to potential civil liability, potential criminal liability, or a multiplicity of actions by Respondents/Defendants."

In the prayer for the first and second causes of action, Pinnacle prayed for a writ of mandate or administrative mandamus compelling the Board to grant Pinnacle a rent increase based upon its application. Pinnacle further prayed that the Board be ordered to vacate its decision and enter a new and different award granting Pinnacle 100 percent of the consumer price index increase in its net operating income from the base year to present, allowing and calling for Pinnacle to be reimbursed for its actual allowable expenses, and to utilize submetering of utilities as allowed by law and to otherwise grant and enforce Pinnacle's application for a rent increase. In the prayer on the third cause of action, Pinnacle requested a judgment declaring that the Board acted contrary to applicable law and deprived Pinnacle of a just and fair return.

Respondents argued that the petition sought no relief from them and that since they were not members of the Board, they could not grant relief to Pinnacle. Pinnacle contends that the individual residents have received a direct economic benefit at the expense of Pinnacle due to the method employed by the City and its Board in reviewing Pinnacle's rent increase application. For that reason, Pinnacle named the residents who actually appeared at the hearing as parties to the action, individually and as representatives of the other residents.

■ Pinnacle has the burden to show either that the demurrer was sustained erroneously or that the court abused its discretion in sustaining the demurrer without leave to amend. (*Smith* v. *County of Kern* (1993) 20 Cal.App.4th 1826, 1829-1830 [25 Cal.Rptr.2d 716]; *Stanson* v. *Brown* (1975) 49 Cal.App.3d 812, 814 [122 Cal.Rptr. 862].) We accept as true all

matters properly pled in the complaint, but may consider matters that may be judicially noted. (*Hensler* v. *City of Glendale* (1994) 8 Cal.4th 1, 8-9, fn. 3 [32 Cal.Rptr.2d 244, 876 P.2d 1043].) ■ Before a hearing may be held on the propriety of a class action, the complaint must contain sufficient allegations of class interest or the pleading is vulnerable to a general demurrer. (*Bartlett* v. *Hawaiian Village, Inc.* (1978) 87 Cal.App.3d 435, 437-438 [151 Cal.Rptr. 392].) ■ Whether to certify a class is a decision which rests within the sound discretion of the trial court. (*Reyes* v. *Board of Supervisors* (1987) 196 Cal.App.3d 1263, 1271 [242 Cal.Rptr. 339].) A reviewing court will not disturb this decision on appeal if it is supported by substantial evidence, unless the trial court either employed improper criteria or made erroneous legal assumptions. (*Caro* v. *Procter & Gamble Co.* (1993) 18 Cal.App.4th 644, 655 [22 Cal.Rptr.2d 419]; see also *Osborne* v. *Subaru of America, Inc.* (1988) 198 Cal.App.3d 646, 654 [243 Cal.Rptr. 815].)

■ Trial courts must carefully weigh the respective benefits and burdens and allow maintenance of the class action "only where substantial benefits accrue both to the litigants as well as the courts." (*Reyes* v. *Board of Supervisors, supra,* 196 Cal.App.3d 1263, 1271.) Pinnacle, as the party seeking class certification, bears the burden of not only showing that substantial benefits, both to the litigants and to the court, will result from class certification, but that the class will be adequately represented and its interests protected. (*Ibid.*; see also *National Solar Equipment Owners' Assn.* v. *Grumman Corp.* (1991) 235 Cal.App.3d 1273, 1284 [1 Cal.Rptr.2d 325].)

■ Pinnacle asserts that since, on demurrer, its allegations must be accepted as true, respondents could not allege that an actual controversy did not exist regarding the Board's interpretation of Civil Code section 798.41 (allowable utility service fees under the Mobilehome Residency Law [Civ. Code, § 798 et seq.]). Pinnacle argues that, while the tenants may not be indispensable parties, it was permissible to include them within the litigation so that any concern about such parties' due process rights would be eliminated. Respondents were four of over three hundred tenants who received notices of Pinnacle's application for rent increase. These four tenants appeared at the hearing to voice their opposition to an increase, as they had a right to do under the Ordinance (a copy of which is attached to Pinnacle's petition). For their efforts, they are now on the receiving end of a lawsuit. Is this how Pinnacle protects their due process rights?

The tenants are not without means of protecting their interests. They did not need Pinnacle's help. Section 2289.45 of the Ordinance gives tenants the right to seek injunctive relief and damages, individually or by class action, if "any owner demands, accepts, receives or retains any payment of rent in

excess of the maximum lawful space rent, as determined under this Article . . . ." Since all tenants to be affected by any increase were on notice that the Board might grant Pinnacle's request, those who have not sought to be joined in the suit apparently chose to live with the Board's decision and the chance it could be overturned on appeal. Those who wished to do so could have taken action pursuant to the Ordinance or intervened in any ensuing legal proceedings. (See Code Civ. Proc., § 387.)

It is true that the Board's decision may affect Pinnacle's tenants. However, the relief requested can be granted without legal participation of any tenants. " 'The question of standing to sue is one of the right to relief and goes to the existence of a cause of action against the defendant . . . .' " (*Killian* v. *Millard* (1991) 228 Cal.App.3d 1601, 1605 [279 Cal.Rptr. 877].) The tenants were not necessary parties because their ability to protect their interest was neither impaired nor impeded. (*Citizens Assn. for Sensible Development of Bishop Area* v. *County of Inyo* (1985) 172 Cal.App.3d 151, 161 [217 Cal.Rptr. 893].) Moreover, even if their ability to protect their interest is impaired by their inaction, they are not indispensable. "The Supreme Court provided guidance in this regard when it cautioned against the common blunder of finding any necessary party as indispensable and observed that '. . . we should . . . be careful to avoid converting a discretionary power or a rule of fairness in procedure into an arbitrary and burdensome requirement which may thwart rather than accomplish justice.' " (*Id.*, at p. 162.)

Pinnacle asserts that it is proper to join respondents in its dispute with the Board even if respondents cannot give the relief sought in the petition because of some passing interest the tenants might have. We disagree. The first cause of action for "traditional mandamus" under Code of Civil Procedure section 1085 is to compel the performance of a duty which is purely ministerial in character. (*State of California* v. *Superior Court* (1974) 12 Cal.3d 237, 247 [115 Cal.Rptr. 497, 524 P.2d 1281].) That cause of action cannot apply to respondents since they have no ministerial duty concerning rent adjustments (Nor does the Board, since its function is discretionary, rather than ministerial.) Nor are respondents proper parties to the cause of action for administrative mandamus under Code of Civil Procedure section 1094.5 since that action is directed to a final administrative order or decision.

Pinnacle asserts that an action for declaratory relief may lie against an administrative agency where the allegation is that the agency has a policy of ignoring or violating applicable laws and regulations, i.e., that the agency has set an overreaching, quasi-legislative policy. (See *Californians for Native*

*Salmon etc. Assn.* v. *Department of Forestry* (1990) 221 Cal.App.3d 1419, 1429 [271 Cal.Rptr. 270].) Consequently, Pinnacle argues, since it has alleged that an actual controversy exists between Pinnacle and all defendants, respondents are properly joined, even if they are only real parties in interest and not necessary parties. Again we disagree. " 'The fundamental basis of declaratory relief is the existence of an actual, present controversy over a proper subject.' " (*Id.,* at p. 1427.) Even assuming Pinnacle is challenging an overall policy rather than seeking the same remedies as in the first and second causes of action via declaratory relief rather than mandate (see *State of California* v. *Superior Court, supra,* 12 Cal.3d 237, 248-249), Pinnacle has requested no relief from respondents nor can respondents grant any relief. Those facts are dispositive.

" '[I]t is fundamental that a person should not be compelled to defend himself in a lawsuit when no relief is sought against him.' " (*Duffey* v. *Superior Court* (1992) 3 Cal.App.4th 425, 429 [4 Cal.Rptr.2d 334].) The only parties the trial court needed to make a complete determination about whether the Board correctly calculated the rent increase were Pinnacle and the Board. The application to the Board and the ensuing legal action were brought by Pinnacle, not by the tenants. Respondents have had to incur legal expenses due to Pinnacle's effort to "protect" respondents' right because they appeared at the hearing on Pinnacle's application. Had respondents utilized the procedure set out in Code of Civil Procedure section 425.16, the court might well have granted the motion.

Moreover, the cases Pinnacle cites to support its argument that the court abused its discretion in denying its motion to certify defendants as representatives of the class of tenants are inapposite. For the most part, they concern plaintiffs who *want* to represent a class. (See, e.g., *Rich* v. *Schwab* (1984) 162 Cal.App.3d 739, 744 [209 Cal.Rptr. 417].) "[T]here is a substantial difference between a plaintiffs' class suit and a lawsuit against a class of defendants. Defendants' class actions involve the serious danger of fraudulent or calculated selection of defendants who might not fully and fairly represent the interests of the class. . . ." (*Simons* v. *Horowitz* (1984) 151 Cal.App.3d 834, 844 [199 Cal.Rptr. 134].) Here, Pinnacle was attempting to join into the litigation unwilling defendants and impose upon them the responsibility of monitoring the litigation to make certain that the interests of the alleged class are being protected. " '. . . [I]t is the responsibility of the class representative to protect the interests of all class members.' " (*Ibid.*) To allow Pinnacle to impose such responsibility on unwilling parties against whom Pinnacle seeks no affirmative relief would have a chilling effect on the provision of the Ordinance for allowance of interested parties to participate in hearings of this type.

The judgments are affirmed. Costs to respondents.[1]

Gilbert, J., and Yegan, J., concurred.

Petitions for a rehearing were denied February 16, 1995, and the opinion was modified to read as printed above.

---

[1]Respondent Simon argued that sanctions for frivolous appeal should be imposed. We deny the request for two reasons. It was untimely and Pinnacle's appeal was based on language in prior published opinions which could have led it to conclude respondents were permissible, if not indispensable, parties to the litigation.