[No. H034702. Sixth Dist. Feb. 25, 2011.]

COUNTRY SIDE VILLAS HOMEOWNERS ASSOCIATION, Plaintiff and Appellant, v.
SUSAN IVIE, Defendant and Respondent.

## COUNSEL

Law Offices of Edward Nemetz and Edward Nemetz for Plaintiff and Appellant.

Pratt & Associates, Sharon Glenn Pratt and Rosalia Burgueño Tapia for Defendant and Respondent.

## OPINION

**RUSHING, P. J.**—Plaintiff and appellant, Country Side Villas Homeowners Association (Country Side) appeals the trial court's order granting defendant and respondent Susan Ivie's special motion to strike pursuant to Code of Civil Procedure section 425.16.[1] On appeal, Country Side asserts the trial court erred in granting the motion, because it was not brought within 60 days of the filing of the complaint, as required by section 425.16, subdivision (f). In addition, Country Side asserts the motion should not have been granted because Ms. Ivie cannot establish that the causes of action arise from protected activity, and Country Side can show a probability of success on the merits.

### STATEMENT OF THE FACTS AND CASE

Appellant Country Side is a homeowners association of the Country Side Villas, and is governed by a five-person board of directors. Respondent Ms. Ivie is a homeowner in the Country Side Villas, making her a member of the homeowners association.

This case arises over a dispute between appellant Country Side, a homeowners association, and some of its members, including respondent Ms. Ivie.

---

[1] All further unspecified statutory references are to the Code of Civil Procedure.

At issue between the parties is the question of whether individual homeowners, rather than Country Side, are responsible for repair and replacement of balconies and shingle siding on their units. Following an election of new members to Country Side's board in November 2007, Country Side hired a new manager and new legal counsel. The new counsel advised Country Side of its view that the association was responsible for the maintenance and repair of balconies and shingle siding, rather than the individual homeowners. This view was inconsistent with Country Side's previous practices.

Ms. Ivie objected to Country Side's new interpretation of the maintenance requirements, primarily because not all units contained balconies, and Country Side had not funded reserves to pay these expenses. In addition, Ms. Ivie believed that since one of the new board members owned a unit in need of siding repair, the decision to require Country Side to bear the expense was self-serving.

Ms. Ivie openly objected to Country Side's new interpretation of the maintenance requirements, and encouraged other members of the association to do the same. She advocated through a petition circulated for signature among other homeowners that the new board be recalled.

Based on her concern about the ability of Country Side to pay for the maintenance of individual units, Ms. Ivie requested copies of the association's income and expense reports from its manager. Ms. Ivie made this request three times, and received no response. One month later, Ms. Ivie received a letter from Country Side's counsel stating that the financial documents were confidential, and she could only receive a copy of them if she signed a confidentiality agreement. Ms. Ivie refused to sign the confidentiality agreement, and never received the requested financial documents. Country Side's counsel threatened to sue Ms. Ivie if she continued to request the documents and refused to sign the confidentiality agreement.

On July 30, 2008, Ms. Ivie sent a "Request for Resolution" to Country Side's board seeking alternative dispute resolution on the issue of inspection of the financial documents, and the maintenance dispute. The parties participated in mediation on October 14, 2008.

On October 15, 2008, Country Side filed a complaint against Ms. Ivie and other residents. The first through the fourth causes of action are the only claims related to Ms. Ivie, and seek declaratory relief as to the interpretation of Country Side's governing documents. The first cause of action sought an interpretation of the governing section related to exterior maintenance of the homes. The second cause of action sought an interpretation of the governing section related to amending the maintenance obligations of Country Side and

the homeowners. The third cause of action sought declaratory relief as to whether repairs should be made now, or be delayed until the governing documents related to maintenance could be amended. The fourth cause of action sought a judicial determination as to the results of a recall election of Country Side's board of directors.

On November 13, 2008, Ms. Ivie answered the complaint.

On December 11, 2008, the remaining defendants demurred to the sixth through the eighth causes of action on the ground that Country Side failed to comply with the procedural requirements of Civil Code section 1369.510 et seq.

On December 31, 2008, Ms. Ivie filed a cross-complaint against Country Side for damages and declaratory relief. In the cross-complaint, Ms. Ivie sought a declaration from the court that Country Side needed to hold a new recall election of the board of directors due to improprieties in the first recall election.

On February 12, 2009, Ms. Ivie filed an anti-SLAPP (strategic lawsuit against public participation) motion to strike the first through the fourth causes of action for declaratory relief.

On February 19, 2009, the trial court sustained the demurrer of the codefendants as to the sixth through the eighth causes of action with leave to amend on the ground that the procedural requirements of Civil Code section 1369.560 were not met.

On February 25, 2009, Country Side filed an amended complaint, complying with the requirements of Civil Code section 1369.560. Specifically, the amended complaint included a certification that alternative dispute resolution had been attempted.

On April 7, 2009, the court denied Ms. Ivie's anti-SLAPP motion as untimely, because it was not filed within 60 days of service of the complaint.

On April 24, 2009, Ms. Ivie filed another anti-SLAPP motion as to the amended complaint, which was filed on February 25, 2009.

On June 10, 2009, the court granted Ms. Ivie's anti-SLAPP motion, finding that Country Side's filing of an amendment to the complaint amounted to a substantive amendment. Therefore, the new filing qualified as a first amended complaint, which started a new 60-day period for filing an anti-SLAPP

motion. In addition, the court found that Ms. Ivie satisfied her burden of showing that "the challenged cause of action is one arising from protected activity."

Country Side filed a timely notice of appeal.

### DISCUSSION

Country Side asserts the trial court erred in granting Ms. Ivie's anti-SLAPP motion, based on the timeliness of the motion, as well as the merits.

#### Timeliness of the Motion

Country Side argues the trial court erred in granting the motion in this case, because it was not filed within the 60-day period as required by the statute.

Section 425.16, subdivision (f) provides that the motion "may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper," and states that the word " 'complaint' includes 'cross-complaint' and 'petition' " (§ 425.16, subd. (h)). Ms. Ivie's motion was filed six months after the case commenced; however, it was filed within 60 days of the filing of the first amended complaint. Country Side asserts the amendment to the complaint was not substantive, and therefore, it does not qualify as a "first amended complaint." According to Country Side, the operative complaint in the instant case is the original complaint, filed October 15, 2008. Therefore, the motion filed April 24, 2009, could not be filed without leave of the court, because it was more than 60 days after service of the original complaint.

Here, Country Side made the same argument in the trial court, asserting Ms. Ivie's motion was untimely because the amendment to the complaint was not substantive. The trial court rejected this argument, stating: "Defendants' demurrer to the sixth through eighth causes of action [is sustained] with leave to amend for failure to allege that Plaintiff filed a certificate of compliance as required by Civil Code section 1369.560. This deficiency addressed by the demurrer was a failure to make allegations of *substance* rather than mere form, such as a substitution of a date, or case number. (See *Cohen v. Super. Ct.* (*Southern Pacific Co.*) (1966) 244 Cal.App.2d 650, 656–657 [53 Cal.Rptr. 378].) Therefore, since the demurrer to the complaint destroys the prior pleading, the February 25, 2009 amendment to the complaint is treated as the first amended complaint. (See *Stoiber v. Honeychuck* (1980) 101 Cal.App.3d 903, 931 [162 Cal.Rptr. 194])." (Italics added.)

We find the amendment here to be substantive, making the new filing a first amended complaint. The addition of the verification that Country Side complied with the provisions of Civil Code section 1369.560 and participated in alternative dispute resolution in this action is an amendment of substance, not a clerical correction. Therefore, the trial court was correct in finding Ms. Ivie's motion as to the first amended complaint was timely.

### Merits of the Motion

Country Side asserts the motion was incorrectly granted here, because the causes of action seek "pure" declaratory relief, rather than injunctive relief. In addition, the causes of action did not assert liability on the part of Ms. Ivie, nor did they seek damages from her. As such, Country Side argues, the causes of action are not subject to an anti-SLAPP motion.

" 'Review of an order granting or denying a motion to strike under section 425.16 is de novo.' " (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325 [46 Cal.Rptr.3d 606, 139 P.3d 2].) "In deciding whether the 'arising from' requirement is met, a court considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' (§ 425.16, subd. (b).)" (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79 [124 Cal.Rptr.2d 519, 52 P.3d 695].)

Section 425.16, subdivision (b)(1) provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

■ Thus, the statute " 'posits . . . a two-step process for determining whether an action is a SLAPP. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. . . . If the court finds that such a showing has been made, it must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim.' [Citation.] 'Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.' " (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 278–279 [46 Cal.Rptr.3d 638, 139 P.3d 30].) On the first step, the party filing the anti-SLAPP motion has the burden of establishing that the plaintiff's claim arose from protected activity. (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 965 [12 Cal.Rptr.3d 54, 87 P.3d

802].) "[T]he statutory phrase 'cause of action . . . arising from' means simply that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech. [Citation.] In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech." (*City of Cotati v. Cashman, supra,* 29 Cal.4th at p. 78.)

On the second step, the party defending against the motion has the burden to establish a probability of prevailing on the claim. (*City of Cotati v. Cashman, supra,* 29 Cal.4th at p. 78.) A "court need not reach this second prong of the analysis if the 'arising from protected activity' requirement is not met." (*Wang v. Wal-Mart Real Estate Business Trust* (2007) 153 Cal.App.4th 790, 801 [63 Cal.Rptr.3d 575].)

*Claim Arising from Protected Activity*

Ms. Ivie asserts the action here arises from protected activity under the statute, because it is based on her complaints regarding Country Side's actions in governing the homeowners association. Country Side, on the other hand, asserts that the causes of action for declaratory relief arose from an actual controversy regarding the interpretation of the association's governing documents, not Ms. Ivie's protected activity.

Protected activity under the anti-SLAPP statute includes instances where the action arises out of "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(4).)

Here, Ms. Ivie asserts her complaints about Country Side's board's management of the association were a matter of public interest, because Country Side's decisions impact a large number of people. In a case similar to the one at bar, the court concluded that public comments concerning the competence of a manager of a homeowners association involved speech connected with an issue of public interest within the meaning of section 425.16. (*Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468, 479–480 [102 Cal.Rptr.2d 205].) The court opined, "[t]he definition of 'public interest' within the meaning of the anti-SLAPP statute has been broadly construed to include not only governmental matters, but also private conduct that impacts a broad segment of society and/or that affects a community in a manner similar to that of a governmental entity. [Citations.] ' "[M]atters of public interest . . . include activities that involve private persons and entities, especially when a large, powerful organization may impact the lives of many individuals." ' [Citation.]" (*Id.* at p. 479.)

Here, like the *Damon* defendants, Ms. Ivie spoke out against the members of her homeowners association board and management on matters that affected all members of the association. Specifically, Ms. Ivie complained about Country Side's new decision that the association, not individual homeowners, was responsible for the maintenance expenses associated with balcony and shingle siding repair. Country Side's new position on this issue impacted all members of the association, whether or not their homes had balconies or were in need of siding repair, because the expenses would now be borne by all. Country Side's board was in a position to impact the lives of many individuals through its decisionmaking process. Therefore, under the rationale of *Damon*, Ms. Ivie's conduct in criticizing Country Side's actions was a matter of public concern within the meaning of section 425.16.

Country Side's assertion that because it is seeking "pure declaratory" relief arising out of an actual controversy about the interpretation of the association's governing documents, the case is not subject to anti-SLAPP protection is misplaced. While it is true Country Side seeks declaratory relief regarding the interpretation of the association's governing documents, it also seeks damages in the form of attorney fees from Ms. Ivie.

In addition, the action in this case was filed after Country Side's counsel threatened to sue Ms. Ivie if she continued to request the financial documents and refuse to sign the confidentiality agreement. Ms. Ivie did refuse to sign the agreement, and continued to speak out against Country Side. In response, Country Side filed suit against her seeking declaratory relief and attorney fees.

It is clear from the evidence that the action in this case arose from Ms. Ivie's exercise of her right of free speech in criticizing and speaking out against the action of Country Side's board. Since Ms. Ivie met her burden of showing that the challenged cause of action is one arising from protected activity, we must now consider whether Country Side has demonstrated a probability of prevailing on the claim.

### *Probability of Prevailing on the Claim*

In order to state a claim for declaratory relief, there must be an "actual controversy" relating to the legal rights and duties of the parties. (§ 1060.) The four claims asserted against Ms. Ivie in the first amended complaint are for declaratory relief related to the interpretation of Country Side's governing documents and the results of the recall election.

Specifically, the first cause of action seeks an interpretation of the governing section related to exterior maintenance of the homes. The second cause of

action seeks an interpretation of the governing section related to amending the maintenance obligations of Country Side and the homeowners. The third cause of action seeks declaratory relief as to whether repairs should be made now, or delayed until the governing documents related to maintenance can be amended. Finally, the fourth cause of action seeks a judicial determination as to the results of a recall election of Country Side's board of directors.

The declaratory relief asserted in this case is not properly brought against Ms. Ivie. As an individual member of the association, and not a member of Country Side's board or management, Ms. Ivie has no authority to enforce any declaratory relief regarding an interpretation of the association's governing documents or the results of the recall election that the court might grant in this case. The fact that Country Side's governing documents address the maintenance responsibilities of the association and the homeowners, and Ms. Ivie criticized those documents, does not make Ms. Ivie an appropriate defendant for this declaratory relief action; nor does the fact that Ms. Ivie criticized the procedures employed by Country Side in its recall election of the association's board.

A case that is very similar to the one at bar, and which addresses the issue of appropriate parties in a declaratory relief action, is *Pinnacle Holdings, Inc. v. Simon* (1995) 31 Cal.App.4th 1430 [37 Cal.Rptr.2d 778]. In *Pinnacle*, four tenants of a mobilehome park protested the park owner's proposal for a rental increase. As a result of their protest, the tenants were named as defendants in the park owner's action for declaratory relief. The *Pinnacle* plaintiff, like Country Side in the present case, asserted declaratory relief was necessary to determine the rights and obligations of the parties, because an actual controversy existed between them. The trial court disagreed, and granted the tenants' demurrer without leave to amend on the ground that they were not proper parties to the declaratory relief action, and the court of appeal affirmed. The court rejected Pinnacle's argument that an actual controversy existed between itself and the tenant defendants because the tenants were real parties in interest. The court stated: " ' "The fundamental basis of declaratory relief is the existence of an actual, present controversy over a proper subject." ' [Citation.]" (*Id.* at p. 1437.) The court further found that Pinnacle had requested no relief from the tenants, nor could the tenants grant any relief. (*Ibid.*) As a result, the court found the tenants were not proper defendants for the declaratory relief action. (*Ibid.*)

Here, like Pinnacle, Country Side requests no relief from Ms. Ivie regarding the interpretation of the association's governing documents or the recall election; nor can Ms. Ivie provide any relief as an individual member of the association. The fact that Country Side's governing documents address the

maintenance responsibilities of the association and the homeowners, and Ms. Ivie criticized those documents, does not make Ms. Ivie an appropriate defendant for this declaratory relief action; nor does the fact that Ms. Ivie criticized the procedures employed by Country Side in its recall election of the association's board.

 Because the declaratory relief action in this case is not properly asserted against Ms. Ivie, there is no probability that Country Side will prevail on the merits. Therefore, the anti-SLAPP motion was properly granted in this case.

### DISPOSITION

The judgment is affirmed.

Premo, J., and Elia, J., concurred.