Filed 12/8/21  Freitas v. Clear Recon Corp CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| JOHN B. FREITAS,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CLEAR RECON CORP et al. ,<br><br>        Defendants and Respondents. | A160762<br><br>(Alameda County<br>Super. Ct. No. HG18908688) |

## MEMORANDUM OPINION[1]

Plaintiff John B. Freitas appeals from a judgment entered after the trial court sustained demurrers to his third amended complaint without leave to amend.  On this record, we affirm.[2]

## I.  BACKGROUND

Plaintiff filed the complaint in this matter in 2018, asserting various causes of action arising from defendants' alleged activities with regard to the servicing and modification of residential loans and nonjudicial foreclosure proceedings.  While normally we would set forth the material facts based on

---

[1]  We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.

[2]  The matter has been submitted.  (Cal. Rules of Court, rule 8.256(d)(1).)

the allegations of the operative complaint and matters we may judicially notice, our ability to do so here is limited by the fact that the third amended complaint does not appear in the record, nor do the demurrers of defendants Clear Recon Corp and Nationstar Mortgage LLC. From the record before us, we know that the trial court sustained demurrers to the third amended complaint as to both defendants without leave to amend on June 22, 2020, that dismissals were entered as to both defendants in July and August 2020, and that plaintiff timely appealed.

## II. DISCUSSION

Plaintiff contends the trial court erred in sustaining defendants' demurrers to his third amended complaint. "On appeal from an order of dismissal after an order sustaining a demurrer, the standard of review is de novo: we exercise our independent judgment about whether the complaint states a cause of action as a matter of law. [Citation.] First, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. Next, we treat the demurrer as admitting all material facts properly pleaded. Then we determine whether the complaint states facts sufficient to constitute a cause of action. [Citations.] [¶] We do not, however, assume the truth of contentions, deductions, or conclusions of law." (*Stearn v. County of San Bernardino* (2009) 170 Cal.App.4th 434, 439–440.) We are "not bound by the trial court's construction of the complaint." (*Wilner v. Sunset Life Ins. Co.* (2000) 78 Cal.App.4th 952, 958.) Rather, we independently evaluate the complaint, construing it liberally. (*Ibid.*; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

It is a fundamental rule of "appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown." (*Foust v. San Jose Construction Co., Inc.* (2011)

198 Cal.App.4th 181, 187.) " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Ibid.*) It is plaintiff's burden to provide an adequate record. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) In the procedural posture of this appeal, plaintiff "has the burden to show either that the demurrer was sustained erroneously or that the court abused its discretion in sustaining the demurrer without leave to amend." (*Pinnacle Holdings, Inc. v. Simon* (1995) 31 Cal.App.4th 1430, 1434.)

We are aware that plaintiff brings this appeal without the benefit of legal representation, but the fact that he represents himself does not exempt him from the rules of appellate procedure or relieve him of his burden on appeal. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) We treat self-represented litigants like any other party, affording them " 'the same, but no greater consideration than other litigants and attorneys.' "[3] (*Nwosu v. Uba*, at p. 1247.)

Here, plaintiff elected to proceed by way of a clerk's transcript without any record of the oral proceedings. With regard to the requested clerk's transcript, plaintiff failed to designate for inclusion in the record the demurrers to the third amended complaint that are the subject of this appeal. Without them, we cannot evaluate whether the trial court erred.

---

[3] We note this is not plaintiff's first appeal in this court, nor is this the first appeal in which plaintiff has failed to provide an adequate appellate record. As plaintiff points out in his opening brief, in a nonpublished decision, *Freitas v. Bank of America, N.A.* (May 30, 2017, A148140), Division Five of this court affirmed a judgment against plaintiff following a trial court's order sustaining a demurrer because plaintiff failed to furnish an adequate record.

In addition, while plaintiff's notice designating the record on appeal requested that the clerk include the third amended complaint with exhibits A through S and the register of actions, those documents were not included in the clerk's transcript. It does not appear plaintiff took any steps to remedy the omissions. (Cal. Rules of Court, rule 8.155(b) [if clerk omitted material designated for inclusion in record, remedy is to file motion in superior court; if clerk does not comply within 10 days, party may serve and file motion to augment]; Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 2021) ¶¶ 4:305; 5:143; see *id.* at ¶ 4:279 [record should be thoroughly checked as soon as possible after it has been filed].) Indeed, plaintiff did not even seek to remedy the omission when he filed an "Appellant's Reply Appendix," seeking to augment the appellate record with additional materials.[4] (See *Eisenberg* et al., Cal. Practice Guide: Civil Appeals & Writs, *supra*, at ¶¶ 4:300, 5:129, 5:132.) Without a copy of the third amended complaint, we simply have no way of independently determining if plaintiff alleged sufficient facts to state a cause of action.

Plaintiff's appeal suffers other procedural and substantive deficiencies that impede our review. Plaintiff's briefs do not include a statement of appealability, do not include citations to the record on appeal, and contain limited and at times incoherent legal analysis in support of his contentions. (Cal. Rules of Court, rules 8.204(a)(2)(b) [appellant's opening brief must "[s]tate that the judgment appealed from is final, or explain why the order appealed from is appealable"]; 8.204(a)(1)(C) [every brief must "[s]upport any reference to a matter in the record by a citation to the volume and page

---

[4] We construed the "reply appendix" as a request to augment the record and denied it because the documents sought to be included were already part of the record as exhibits to the original complaint or had not been filed or lodged in the trial court.

number of the record where the matter appears"]; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["absence of cogent legal argument" allows court to treat contentions as waived].) Plaintiff also makes repeated references to matters outside the record on appeal and to parties not involved in this appeal.[5] (Cal. Rules of Court, rule 8.204(a)(2)(C) [a party must "[p]rovide a summary of the significant facts *limited to matters in the record*" (italics added)]; *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102 [factual matters outside the appellate record will not be considered and should not be included in briefs].)

Most critically, however, the absence of an adequate record and any citations to that record prevent us from deciding the issues raised on appeal. Without the operative complaint and the party pleadings on demurrer, it is impossible to determine if the trial court erred. Accordingly, we cannot address the merits, and the judgment must be affirmed. (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 478 [rejecting claim that demurrer was improperly sustained where appellant failed to present adequate record by including operative complaint and demurrers].)

## III. DISPOSITION

The judgment is affirmed. Defendants shall recover their costs on appeal.

---

[5] We further observe that a substantial portion of plaintiff's arguments on appeal consist of allegations of corruption, criminal activity, and impropriety by the trial judge and defendants and their counsel. We find absolutely no support for these unfounded allegations in the record. Plaintiff is reminded that such conduct is improper and does nothing to advance his case. (See, e.g., *In re S.C.* (2006) 138 Cal.App.4th 396, 412 ["unwarranted personal attacks [in appellate briefs] on the character or motives of the opposing party, counsel, or witnesses are inappropriate and may constitute misconduct"; *id.* at p. 422 ["Disparaging the trial judge is a tactic not taken lightly by a reviewing court."].)

5

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A160762
*Freitas v. Clear Recon Corp*