[Civ. No. 18704.   First Dist., Div. One.   Oct. 31, 1960.]

MARGARET LUTHENA BRUMFIELD, Appellant, v. CROCKER-ANGLO NATIONAL BANK (a National Banking Corporation), as Executor, etc., Respondent.

James W. Harvey and Clark A. Barrett for Appellant.

Dreher, McCarthy & Dreher and Myrick & Deering & Scott for Respondent.

DUNIWAY, J.—The court below sustained a demurrer both general and special to appellant's second amended complaint. Appellant declined to amend and thereafter a judgment was entered from which appellant prosecutes this appeal. ■ Appellant having elected not to amend, it is the rule that if the complaint is objectionable upon any ground raised by the demurrer the judgment of dismissal must be affirmed. (*Totten* v. *Underwriters at Lloyd's London,* 176 Cal.App.2d 440, 442 [1 Cal.Rptr. 520], and cases there cited.) Respondent urges that there are a number of deficiencies in the complaint, but by reason of the foregoing rule we will consider only one.

The principal facts stated in the complaint are as follows: Appellant and respondent's decedent entered into an oral partnership for the ownership and operation of the Seven Aces Mine in Sierra County. For the sake of brevity, we refer to decedent as "respondent." In 1946, appellant and respondent each executed leases of the mine, "for and on behalf of the partnership" to certain named parties. Later, the Hub Mining Corporation became the owner of the leasehold interests. Respondent, on behalf of the partnership, retained certain law firms who advised appellant and respondent that the leases were invalid for lack of mutuality and that if they were not invalid they had expired. In June of 1952 appellant, relying upon this advice, took possession of the mine on behalf of the partnership interest. Respondent agreed that she was to do so. On September 15, 1952, Hub Mining Corporation filed an action in the Superior Court, Sierra County, against appellant and respondent and others for depriving the company of its right to conduct mining operations and for damages. Thereafter respondent agreed to retain the same law firms to defend the suit, and did so for more than two years, and appellant, relying on his doing so, took no action "during that period" to retain other counsel to defend the partnership interest in the mine.

Respondent knew that the leases were of no force and effect and that the law suit could be successfully defended but nevertheless violated his agreement and failed and refused to defend the partnership interest. In spite of appellant's repeated demands upon respondent and the attorneys to defend the suit, respondent entered into some sort of settlement or deal, and "permitted a default judgment in a sum in excess of $110,000 to be entered against the partnership interest in and to the . . . Mine standing in his name . . .," and as a result of the judgment the partnership interest in the mine has been encumbered and the Hub Mining Company has been allowed to occupy the mine.

After the entry of the default judgment against respondent a judgment was obtained "against the partnership interest in and to the said . . . Mine standing in plaintiff's name." The judgment would not have been obtained if respondent had not breached his agreement for the reason that respondent has more financial resources than appellant "and could therefore have contested and defended the said partnership interest . . . much better than the plaintiff herein was able to do; further, that the judge of the Superior Court . . ., County of Sierra, could not help but take into account the fact that a $110,000.00 default judgment had previously been entered by him in favor of the Hub Mining Company, when considering the defense to the suit attempted by" appellant.

It is further alleged that although the judgment obtained against the partnership interest in the mine standing in plaintiff's name was in an amount less than $3,000, immediate steps were taken to execute against the partnership interest standing in plaintiff's name, and that interest was thereafter sold at execution sale. Damages are claimed in the sum of $2,000,000, which sum is alleged to represent the value of plaintiff's partnership interest in the partnership. It is further alleged that a demand upon respondent for an accounting would be a useless act.

The foregoing summarizes all of the allegations of the first cause of action. The second cause of action is identical except that it omits the allegations regarding the formation of the partnership and instead alleges that during April 1946, a mining partnership composed of appellant and respondent arose by operation of law under Public Resources Code, sections 2351 to 2360, and that thereafter "until the interest of said partnership standing in plaintiff's name was sold at execution sale on the 6th day of July, 1956" appellant and respond-

ent were a mining partnership owning the Seven Aces Mine. Except for the foregoing difference in the allegations relating to the formation and nature of the partnership, the second cause of action is identical with the first.

There is also a third cause of action which realleges the paragraphs of the first cause of action to and including those portions thereof that allege that the respondent agreed to and did retain attorneys to defend the suit. It is then alleged that respondent knew that the leases were of no force and effect and that the lawsuit could be defended, that he refused to defend, etc. It is further alleged that some time after June 19, 1952, respondent and eight John Does conspired to appropriate to themselves and convert to their own use the partnership interest standing in plaintiff's name for the purpose of cheating and defrauding plaintiff out of her interest in the mine, but it is not alleged that they did so. It is further alleged that respondent falsely represented that he would retain the same law firms to defend the suit on behalf of the parties' partnership interest in the mine; that plaintiff relied upon these representations and "therefore did not obtain other or additional counsel at that time" to defend the suit; that as a result of her reliance upon these representations a judgment was obtained against her partnership interest, that execution was obtained on the judgment although none was obtained on the judgment against respondent's partnership interest; that respondent has conspired with the John Does to allow the partnership interest standing in his name to be encumbered with a judgment in excess of $110,000, to the damage and detriment of plaintiff's partnership interest; that respondent further connived with the John Does to obtain a covenant not to execute upon the aforesaid judgment; that respondent has refused to divulge the terms of his settlement with the Hub Mining Company and has even denied that a $110,000 judgment has been entered against him; that respondent and the John Does conspired to enable Hub Mining Company to regain possession of the mine and to work and operate the same and to remove rich and valuable gold-bearing ore therefrom, all to the detriment of plaintiff's partnership interest.

It is then alleged that the respondent alone made the foregoing false and fraudulent representations and allowed all of the acts alleged to occur for the purposes of converting plaintiff's partnership interest to his own use, of defrauding her out of her partnership interest and depriving her of the use, benefits and profits of the mine. It is not alleged that he ob-

tained any of her interest. It is further alleged that as a result of the conspiracy and wrongful acts and misrepresentations plaintiff lost her interest in the mine, to her damage in the sum of $2,000,000.

Nowhere is it alleged that respondent either agreed that his defense of the Hub Mining Company suit would be successful or warranted a successful defense, and it was conceded by appellant's counsel at oral argument that he had not attempted to allege any such agreement or warranty and that no such allegation could be made. It further appears, by inference at least, that after respondent informed appellant that he would not defend the action further but would settle, appellant retained other counsel and defended the law suit unsuccessfully. One of the grounds of special demurrer was that it cannot be ascertained from the complaint whether the plaintiff obtained the other or additional counsel mentioned in paragraph IV of the third cause of action, and whether she defended the action on its merits. There was a similar ground of special demurrer to a similar cause of action that was attempted to be stated in the first amended complaint. Nowhere is there any allegation indicating that the judgment obtained against appellant's partnership interest is in any way invalid or that the execution thereafter levied and the execution sale thereafter held were in any way invalid. Nowhere is it alleged that respondent or any of the Doe conspirators has obtained or received any part of plaintiff's interest in the mine or the partnership.

Nothing is alleged that would indicate how anything that respondent is claimed to have done caused plaintiff's interest in the partnership which she says had a value of $2,000,000, to be sold under the execution on a judgment for less than $3,000. It is not even alleged that the conspiratorial acts set forth in the third cause of action were with the Hub Mining Company, the judgment creditor, or with anyone representing or even purporting to act for it. No facts are alleged showing that the John Does had any relationship to the Hub Mining Company or any power or ability to do any of the acts that it is alleged they conspired to do.

Regardless of the fancy language included in the complaint, the essence of it is, in each cause of action, that the respondent, while a partner of the appellant in the mining venture, agreed to defend a law suit in which appellant and respondent and others were named as defendants, breached his agreement, and has allowed a judgment to become a lien upon his interest in

the partnership, that thereafter appellant proceeded to defend the suit so far as her interest was concerned, lost it, and, as a result, her interest in the partnership was levied upon and sold pursuant to a valid execution. It is not alleged that the suit was against the partnership; on the contrary, it was against the partners individually, and their respective partnership interests. It is not the duty of a partner to defend, at his own expense, a suit against his copartner involving the latter's interest in the partnership. Thus appellant's cause of action must rest on the claimed agreement, not on the partnership relationship.

Conspiracy allegations add nothing to the complaint.

■ It is long established law that the gist of an action charging conspiracy is not the conspiracy but the damages suffered. (*Mox Incorporated* v. *Woods*, 202 Cal. 675, 677 [262 P. 302].) Nothing is alleged showing any different basis for appellant's cause of action, if she has one, by reason of the conspiracy, and none of the conspirators, other than respondent, is named as a party defendant.

■ We have no doubt that in a proper case a defendant can be held liable for a breach of contract to defend a law suit, assuming that there was a valid consideration, which is at least doubtful here. However, where it is conceded, as it is here, that the agreement was merely one to defend, not one to defend successfully, the plaintiff's damages are not measured by the amount of the judgment rendered against her (in this case less than $3,000, not $2,000,000), much less by the consequences of a valid levy of execution and execution sale pursuant to the judgment. The only proper measure of damages would be the cost to the plaintiff of defending the law suit, the defendant having failed to do so, as agreed. It is not alleged that respondent is a lawyer, and this is not an action for malpractice. Respondent's agreement to defend must therefore be construed as, at most, an agreement to retain counsel and pay expenses. His refusal to do so resulted in plaintiff's doing so. (Civ. Code, §§ 3300, 3358, and *cf. Blair* v. *Brownstone Oil & Refining Co.*, 35 Cal.App. 394 [170 P. 160]; *Cederberg* v. *Robison*, 100 Cal. 93, 97 [34 P. 625]; *Ross* v. *Frank W. Dunne Co.*, 119 Cal.App.2d 690, 700 [260 P.2d 104].) Nowhere in the complaint are there any allegations even shadowing forth a statement either that it cost plaintiff anything to defend the law suit, or if so, how much. Under these circumstances, the complaint as to all three causes of action is fatally defective. In an action for damages, the

complaint must show damages. The point is available in support of the general demurrer. (*Kenyon* v. *Western Union Tel. Co.*, 100 Cal. 454 [35 P. 75].) In this case it was also raised by the special demurrer which pleads that each cause of action is uncertain, ambiguous, and unintelligible in that it is not alleged in the complaint nor can it be ascertained therefrom how or in what manner plaintiff has been injured or damaged in the sum of $2,000,000, as claimed. Plaintiff, having elected not to amend, cannot now complain of the judgment dismissing her action.

Affirmed.

Bray, P. J., and Tobriner, J., concurred.