[Civ. No. 20373.   First Dist., Div. Three.   Dec. 7, 1962.]

CHESTER C. SUTTER, Plaintiff and Appellant, v. HARRY E. GAMEL et al., Defendants and Respondents.

Russell H. McLain and Clifford R. Lewis for Plaintiff and Appellant.

Kilday, Nemer, Farbstein & Green and Gerald F. Kilday for Defendants and Respondents.

DEVINE, J.—Judgment was entered for defendants following an order sustaining demurrer to plaintiff's first amended complaint, referred to herein simply as the complaint.

Plaintiff was given leave to amend, but did not do so within the time allowed, and upon motion, the court entered judgment dismissing the action. From this judgment plaintiff appeals.

The complaint alleges that plaintiff was at all relevant times a licensed real estate broker, and that defendants employed him and authorized him to procure a contract to sell certain real estate to defendants as prospective purchasers. It alleges that the employment is evidenced by a deposit receipt, copy of which is made part of the complaint. The complaint further alleges that defendants orally promised to pay plaintiff $12,250 upon resale of the land by defendants or upon

defendants' subdividing the land. The complaint states that through the agency of plaintiff defendants did purchase the land and later sold it, but refused to pay any part of the $12,250 to plaintiff.

The complaint further alleges that in the agreement of sale between the sellers and defendants is contained the following paragraph: "5. It is further agreed that no real estate or sales commission of any type shall be payable to any broker or salesman or any person whatever, by the SELLERS, and that if any commission is due, BUYERS shall bear such expense without credit."

The demurrer is on the ground that the complaint does not state facts sufficient to constitute a cause of action in that the alleged cause appears to be barred by Civil Code section 1624, subdivision 5. Section 1624 provides that certain contracts are invalid unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or his agent, and one class is defined in subdivision 5 as "[a]n agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission." Defendants submitted a memorandum of points and authorities in support of the demurrer, in which they cited cases to the effect that in order to comply with the statute the contract must unequivocally show on its face the fact of employment of the broker, that is, it must show an authority to act or negotiate a sale of the property for the owner. (The cases of *Kleinsorge & Heilbron* v. *Liness*, 17 Cal.App. 534 [120 P. 444]; *Patterson* v. *Torrey*, 18 Cal.App. 346 [123 P. 224]; *Herzog* v. *Blatt*, 80 Cal.App.2d 340 [180 P.2d 30]; and *Ira Garson Realty Co.* v. *Brown*, 180 Cal.App.2d 615 [4 Cal.Rptr. 734], were cited.) Apparently, no memorandum of points and authorities was submitted on behalf of plaintiff, although plaintiff's pleading at this stage was a first amended complaint. The demurrer was sustained.

On appeal, plaintiff, as appellant, makes no argument to support the proposition that the original contract between him and defendants, as contained in or evidenced by the deposit receipt, satisfies the statute of frauds, and he cites no authorities whatever on that point. The point, therefore, is deemed to have been waived or abandoned. (3 Witkin, California Procedure, Appeal, § 150, p. 2332.)

Appellant presently relies upon the theory that he is a third party beneficiary. We conclude that the complaint fails to state a third party beneficiary contract.

Where a contract is pleaded in *haec verba,* and its effect is uncertain, the pleader must put a definite construction on it by averment. (*Silvers* v. *Grossman,* 183 Cal. 696, 700 [192 P. 534] ; *Totten* v. *Underwriters at Lloyd's London,* 176 Cal. App.2d 440, 445-446 [1 Cal.Rptr. 520].) The pleader has not complied with this requirement.

The contract as pleaded in *haec verba* simply negatives liability of the sellers to pay a commission and provides that if any commission is due, buyers shall bear the expense without credit (against sellers). The complaint states that defendants "have failed and refused, and continues to fail and refuse, to pay the real estate commission as therein provided," but this is the only reference in the complaint to the connection of plaintiff with the written contract that was made between the buyers and the sellers. This is quite inadequate to state a contract for plaintiff's benefit. (1) The contract itself simply protects the sellers from liability for any commission and provides that if any commission is due, buyers shall pay it. This is not an agreement of defendants to pay anything, except contingently. Nor is the single reference in the complaint to commission, taken together with the single reference thereto in the contract of sale, sufficient to establish plaintiff as a creditor beneficiary. A person is a creditor beneficiary if no intention to make a gift appears from the terms of the promise, and performance of the promise will satisfy a duty of the promisee to the beneficiary. (*Hartman Ranch Co.* v. *Associated Oil Co.,* 10 Cal.2d 232, 244 [73 P.2d 1163] ; 2 Williston on Contracts (3d ed.) p. 863 ; Rest., Contracts, § 133, subd. (1)(b), p. 152.) There is no allegation in the complaint of any obligation, actual, supposed or asserted, on the part of sellers to plaintiff, which defendants engaged to pay. (2) Assuming that the contract to pay a commission had been stated, there is no allegation that it was made expressly for plaintiff's benefit, nor is there any allegation of an intention between the buyers and sellers to make an agreement which would inure to the benefit of plaintiff.

Although it is not necessary that the third party be specifically named as a beneficiary, an intent to make the obligation inure to the benefit of the third party must have been clearly manifested by the contracting parties. (*City & County of San Francisco* v. *Western Air Lines, Inc.,* 204 Cal.App.2d 105, 120 [22 Cal.Rptr. 216] ; *Shutes* v. *Cheney,* 123 Cal.App.2d 256, 262 [266 P.2d 902].)

Plaintiff relies heavily on *Calhoun* v. *Downs,* 211 Cal. 766

[297 P. 548], but we find that case to be quite different. In the complaint in that case, it was alleged that sellers, Downs and wife, and the buyer, Ahlborn, had both signed an agreement to pay the commission of Calhoun, the plaintiff, a broker, but had omitted, by mutual mistake, to give his name or the amount, $500. It was held, as the first decision in that case, that a cause of action for reformation to supply the omitted elements was stated; and, of course, up to this point nothing relating to third party beneficiary was stated. The complaint went on to state that as an inducement to have the purchase price cut from $10,000 to $9,500, defendant Ahlborn signed a second agreement in which Ahlborn promised Downs that he would pay the commission on the sale; that said promise of Ahlborn referred to the $500 commission that all the defendants agreed to pay to plaintiff; that the buyers and sellers secretly reduced the price of the property from $10,000 to $9,500, and closed the sale. Thus, the complaint alleged a creditor-beneficiary contract in which defendant Ahlborn agreed to discharge the duty of the sellers and of himself to pay plaintiff's commission.

It is to be observed that this is not a case wherein demurrer has been sustained without leave to amend and in which plaintiff would have the benefit of the rule that if it appears that he has a cause of action against a defendant, on any theory, a general demurrer must be overruled (*Beason* v. *Griff,* 127 Cal.App.2d 382 [274 P.2d 47]; *Toney* v. *Security First National Bank,* 108 Cal.App.2d 161 [238 P.2d 645]), but is one in which the plaintiff elected not to amend; wherefore, judgment of dismissal must be affirmed if the complaint is objectionable upon any ground raised by the demurrer (*Brumfield* v. *Crocker-Anglo National Bank,* 185 Cal.App.2d 759 [8 Cal.Rptr. 591]; *Totten* v. *Underwriters at Lloyds' London, supra,* 176 Cal.App.2d at p. 442).

Judgment affirmed.

Draper, P. J., concurred.