Filed 10/30/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PINTO LAKE MHP LLC,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>COUNTY OF SANTA CRUZ,<br><br>    Defendant and Respondent. | H045757<br>(Santa Cruz County<br> Super. Ct. No. 17-CV-01424) |

A mobile home park owner sought judicial review of a county hearing officer's denial of its special rent adjustment application. The trial court sustained the county's demurrer for failure to join the mobile home park residents as parties, but allowed leave to amend the combined complaint and mandamus petition to add the residents. The owner elected to stand on its original pleading, and the trial court granted the county's motion to dismiss the case for failure to file an amended pleading.

We reject the park owner's arguments that the trial court's ruling on the demurrer was error. The trial court engaged in the first of the two-part inquiry under Code of Civil Procedure section 389 to determine whether a civil action should proceed in the absence of persons who are deemed necessary but who cannot be made parties. The trial court concluded that the residents are necessary parties under Code of Civil Procedure section 389, subdivision (a), and we find no abuse of discretion in that ruling. But the trial court did not reach the question under Code of Civil Procedure section 389, subdivision (b) of whether the case should be dismissed due to the residents' absence (rendering them indispensable parties under the statute). That inquiry is triggered when a

person deemed necessary to the action cannot be joined as a party. The parties disagreed in the trial court about whether the statute of limitations had run on joinder.

The trial court most likely would have addressed the limitations issue after the park owner filed an amended complaint naming the residents as parties. But the owner's election to stand on its original pleading truncated the process. The trial court granted the county's unopposed motion to dismiss the case without actually deciding whether the residents could be made parties or whether the lawsuit could continue without them. In light of the procedural posture of the case and the discretionary and equitable nature of the indispensable party inquiry, we will remand the matter to allow the trial court to determine whether under subdivision (b) the matter should be dismissed or proceed in the residents' absence.

## I. BACKGROUND

The County of Santa Cruz Mobilehome Rent Adjustment Ordinance (codified as Chapter 13.32 of the County Code) provides for two types of mobile home park rent adjustments. A park owner may make an annual general rent adjustment without notice to the county, based on specified criteria. (Santa Cruz County Code, § 13.32.030.) An owner who believes the annual rent adjustment does not provide for "a just and reasonable return on the owner's property" may petition for a special rent increase. (*Id*., § 13.32.040(A).) Represented by counsel, Pinto Lake MHP LLC (Pinto Lake), the owner of a 177-space mobile home park in Santa Cruz County, filed a special rent adjustment petition seeking to increase rents by approximately 47 percent. Notice was provided to the residents, whose names were appended to the petition as required by the ordinance (*id*., § 13.32.060(B)(2)(b)), and the county Mobile and Manufactured Home Commission appointed a hearing officer to adjudicate the matter. The residents hired their own counsel who submitted written objections to the petition and engaged in extensive discovery regarding the proposed rent increase. After settlement efforts were unsuccessful, an administrative hearing was held in which both sides called expert

2

witnesses to address whether a rent increase was necessary to provide Pinto Lake with a just and reasonable return on its investment as contemplated in the County Code. After considering post-hearing briefs about a presumption in the ordinance regarding income and expense projections, the hearing officer issued a written decision denying the proposed increase.

Pursuant to Santa Cruz County Code section 13.32.60(B)(16) (providing for judicial review of the hearing officer's decision under Code of Civil Procedure sections 1094.5 and 1094.6), Pinto Lake filed a petition for administrative mandamus and complaint for declarative and injunctive relief naming the county and the hearing officer as respondents. The hearing officer filed a notice of non-interest in the proceedings, and the county demurred to the petition on grounds that Pinto Lake failed to join the mobile home park residents as indispensable parties. The county argued that the residents are necessary to the lawsuit under Code of Civil Procedure section 389, subdivision (a) because they claimed an interest in the matter by participating in the administrative proceeding, and disposing of the matter in their absence would impair their ability to protect that interest. The county further argued that the owner was time-barred from joining the residents as parties to the lawsuit, and the equitable factors listed in Code of Civil Procedure, section 389 subdivision (b) favored a dismissal. The county prepared the administrative record at Pinto Lake's request, which it lodged with the trial court and cited in its demurrer.

Citing *Pinnacle Holdings, Inc. v. Simon* (1995) 31 Cal.App.4th 1430 (*Pinnacle Holdings*), Pinto Lake argued in opposition that the residents are "not only [] not indispensable parties [], they are not even proper parties" to the trial court's review of the final administrative decision in which no relief was sought against the residents. Pinto Lake argued that the residents were no more responsible for the outcome of the administrative proceeding than are witnesses or amicus curiae. It also argued that the

3

statute of limitations did not bar amending the complaint to join the residents as parties in the trial court.

At the hearing on the demurrer, the trial court adopted its tentative decision to sustain the demurrer (with leave to amend) for failing to join the residents as parties, citing *Liang v. San Francisco Residential Rent Stabilization and Arbitration Bd.* (2004) 124 Cal.App.4th 775 (*Liang*). With the parties' agreement, the court set a hearing on the demurrer to the anticipated first amended complaint.

Instead of amending its complaint/mandamus petition, Pinto Lake filed a notice of election to stand on the original pleadings. The county moved for dismissal under Code of Civil Procedure section 581, subdivision (f)(2) (authorizing dismissal where a plaintiff fails to amend the complaint after a demurrer is sustained with leave to amend); Pinto Lake did not oppose the motion. A judgment of dismissal was entered for failing to file an amended pleading, giving rise to this appeal.

## II. DISCUSSION

When a demurrer is sustained with leave to amend but the plaintiff elects not to amend the complaint, the resulting judgment of dismissal will be affirmed if the complaint is objectionable under any grounds raised by the demurrer. (*Sutter v. Gamel* (1962) 210 Cal.App.2d 529, 533.) A trial court's order or judgment is presumed correct, and " '[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent.' " (*Denham v. Superior Court (*1970) 2 Cal.3d 557, 564.)

Rules governing demurrers to civil complaints apply to mandamus actions. (Code Civ. Proc., § 1109.) Trial and appellate courts ruling on a demurrer " 'may properly take judicial notice of … established facts from both the same case and other cases.' " (*McKell v. Washington Mutual, Inc*. (2006) 142 Cal.App.4th 1457, 1491.) A plaintiff may not avoid a demurrer by suppressing facts which prove the pleaded facts false. (*Ibid*.; *Alta-Dena Dairy v. County of San Diego* (1969) 271 Cal.App.2d 66, 72 [judicially noticed facts will prevail over contrary pleaded allegations].) Thus, judicially

4

noticeable facts should be read into the complaint regardless of an express contrary allegation. (*McKell*, at p. 1491.)[1]

Code of Civil Procedure section 389 governs joinder of parties in a civil action. (Undesignated statutory references are to the Code of Civil Procedure; undesignated subdivisions are in section 389.) Subdivision (a) defines persons who should be joined in a lawsuit if possible, and are thus deemed necessary to the action. (*County of San Joaquin v. State Water Resources Control Bd.* (1997) 54 Cal.App.4th 1144, 1149 (*San Joaquin*).) A person subject to service of process whose joinder will not deprive the court of subject matter jurisdiction "shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." (§ 389, subd. (a).) The inquiry under clause (a)(2), applicable here, is "whether the person is one whose rights must necessarily be affected by the judgment in the proceeding." (*Save Our Bay, Inc. v. San Diego Unified Port Dist.* (1996) 42 Cal.App.4th 686, 696, citing *Sierra Club, Inc. v. California Coastal Com.* (1979) 95 Cal.App.3d 495, 501.)

---

[1]We reject Pinto Lake's argument that the administrative record is beyond the scope of review in a demurrer. (*McKell v. Washington Mutual, Inc.*, *supra*, 142 Cal.App.4th at p. 1491; *Alta-Dena Dairy v. County of San Diego*, *supra*, 271 Cal.App.2d at p. 72.) In a meet and confer letter, Pinto Lake identified the administrative record as an uncontested foundational fact capable of stipulation. While it may be improper to consider the truth of factual matters asserted in the administrative record (*Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, 1090), documents which identify parties and reveal the nature of the administrative adjudication are not asserted factual matters beyond the purview of the trial or reviewing court.

5

If a necessary person cannot be joined as a party, the trial court considers specific factors to "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable." (§ 389, subd. (b).)  Those factors are:  "(1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder." (*Ibid*.)  A necessary person cannot be made a party to the action when the statute of limitations has expired.  (*Tracy Press, Inc. v. Superior Court* (2008) 164 Cal.App.4th 1290, 1297; *Kaczorowski v. Mendocino County Bd. of Supervisors* (2001) 88 Cal.App.4th 564, 567; *Save Our Bay, Inc. v. San Diego Unified Port Dist.* (1996) 42 Cal.App.4th 686, 699; *Beresford Neighborhood Assn. v. City of San Mateo* (1989) 207 Cal.App.3d 1180, 1190; *Sierra Club v. California. Coastal Com.*, *supra*, 95 Cal.App.3d 495, 502–503.)

Section 389 calls upon the trial court to weigh practical realities and other considerations in determining whether a person is necessary or indispensable. (*Dreamweaver Andalusians, LLC v. Prudential Ins. Co. of America* (2015) 234 Cal.App.4th 1168, 1173.)  We therefore review the trial court's ruling for abuse of discretion.  (*Ibid*., *TG Oceanside, L.P. v. City of Oceanside* (2007) 156 Cal.App.4th 1355, 1366; *Hayes v. California Dept. of Developmental Services* (2006) 138 Cal.App.4th 1523, 1529.)  "The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review.  The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is

6

reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711–712, footnotes omitted.)[2]

We are not persuaded by Pinto Lake's argument that we should apply a de novo standard to the trial court's determination that the residents are necessary persons under subdivision (a) because the trial court's inquiry required no fact finding and involved only interpreting the relevant statute and applying "controlling legal authority." Pinto Lake has advanced no statutory interpretation argument and, as we will explain, we disagree with its view of the controlling law.

## A. THE TRIAL COURT'S RULING THAT THE RESIDENTS ARE NECESSARY PARTIES UNDER CODE OF CIVIL PROCEDURE SECTION 389, SUBDIVISION (A) WAS NOT AN ABUSE OF DISCRETION

The trial court granted leave to amend after it sustained the county's demurrer for failing to join the residents as parties. While the order on demurrer describes the residents as indispensable parties, we understand the trial court as having decided only whether the residents are necessary parties to the lawsuit under subdivision (a). The trial court did not decide under subdivision (b) whether the statute of limitations was a bar to the residents' joinder, nor whether the case should proceed in the residents' absence. Instead, Pinto Lake was granted leave to join the residents as parties. (§ 389, subd. (a) ["If [the necessary person] has not been so joined, the court shall order that he be made a

---

[2]Our standard of review generally accords with that of the federal courts reviewing joinder decisions under Rule 19 of the Federal Rules of Civil Procedure, to which section 389 was amended to conform. (*San Joaquin, supra*, 54 Cal.App.4th at pp. 1151–1152; *Aguliar v. County of Los Angeles* (9th Cir. 1985) 751 F.2d 1089, 1092 ["While Fed. R. Civ. P. 19 cases are generally reviewed under an abuse of discretion standard [citation], to the extent that the determination of [the absent party's] interest and its impairment under Fed. R. Civ. P. 19(a)(2) involved an interpretation of California collateral estoppel law, it is reviewed under a *de novo* standard."]; *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.* (3d Cir. 1993) 11 F.3d 399, 404 [Rule 19(a) determinations premised on a conclusion of law are independently reviewed; subsidiary findings of fact are reviewed for clear error].)

party"].)  On the record before us, we find no abuse of discretion in the trial court's ruling, and we will uphold the order.

Under Code of Civil Procedure section 389, subdivision (a)(2), the residents claimed an interest in the subject matter of the action by participating as a party in the administrative hearing on Pinto Lake's proposed rent increase.  Contemplating full tenant participation in the consideration of a special rent increase application, the governing Santa Cruz County ordinance provides for a formal adversarial proceeding in which mobile home park residents are designated as respondents.  (Santa Cruz County Code, § 13.26.060(B) (8), (10), (15(*o*)).)  It is clear from the administrative record, which is part of the record on appeal (Cal. Rules of Court, rule 8.123), that the residents and their association engaged legal counsel and participated in the special rent adjustment proceeding.  A county hearing officer conducted a formal hearing under the ordinance in which the residents collectively participated as the responding party and specifically challenged the presumptions and fair rate of return formula used by Pinto Lake to calculate the proposed adjustment.  The residents filed formal objections, engaged in discovery and settlement discussions, and presented expert testimony.

The record supports the conclusion that judicial review of the administrative decision in the residents' absence would impede their ability to protect the interests they successfully advanced in the administrative proceeding conducted by the hearing officer.  (Subd. (a)(2)(i).)  The residents retained an expert who challenged the basis for the owner's proposed rent adjustment.  Given that the county did not participate as a party in the administrative proceeding, the county does not have an interest in stepping into the residents' shoes to defend the hearing officer's decision.[3]  As a practical matter,

[3]The county is nevertheless the proper respondent because it is the sole entity able to carry out a judgment commanding that the hearing officer's decision be set aside. (§ 1094.5, subd. (f); *State of California v. Superior Court* (1974) 12 Cal.3d 237, 255 [sustaining demurrer against State of California and state commission employees because none had authority to set aside the commission's permit denial].)

proceeding without the residents would impede the ability to protect their interest in that decision. Pinto Lake argues that the residents' interests would not be impaired by a disposition in their absence because it seeks only a remand for a new administrative hearing, and the residents would have the opportunity to participate in that hearing. The argument overlooks that Pinto Lake's prayer for mandamus relief asks not merely for a new hearing, but for a peremptory writ specifically directing the county to conduct the new hearing "in compliance with the following requirements: [¶] … [¶] B. Set aside [the county's] decision rejecting the application, *en toto*, and order the granting of the rent increase requested in its entirety [and] [¶] C. To proceed … with consideration of expense projection at the 10% factor as is required and with the 100% inflation adjustment." But regardless of the scope of the remand requested in Pinto Lake's prayer, the residents' interest in the finality of the hearing officer's decision necessarily includes an interest in preventing *any* remand.

Citing *People ex rel. Lungren v. Community Redevelopment Agency* (1997) 56 Cal.App.4th 868 (*Lungren*), and *City of San Diego v. San Diego City Employees' Retirement System* (2010) 186 Cal.App.4th 69 (*San Diego*), Pinto Lake argues that the residents' interests will not be impaired if the lawsuit proceeds in their absence because the county shares the same goal in the litigation. Those authorities do not demonstrate that the trial court abused its discretion. In *Lungren,* the Attorney General challenged a redevelopment agency's authority to enter into a land deal with a Native American tribe. (*Lungren*, at p. 877.) The tribe was not a necessary party to the lawsuit because its interest in an enforceable contract was adequately represented by the redevelopment agency's defense of its own action. (*Id*. at p. 876.) Similarly, the issue in *San Diego* was the legality of a decision by the employees' retirement system to charge the city for the unfunded costs of service credits. (*San Diego*, at p. 85.) The employees were not necessary parties to the city's lawsuit against the retirement system because their object in the lawsuit would duplicate the retirement system's defense of its decision. (*Ibid*.) In

9

contrast here, there is no similar relationship between the residents and the county.  As the neutral adjudicative body in the underlying administrative proceeding, the county's interest in a mandamus action under section 1094.5 does not necessarily align with that of any party to the proceeding.  In fact, the county articulates its interest as preserving the governing ordinance for county residents (against the allegation in the first cause of action for writ of mandate that the ordinance is preempted by state law).  Unlike the residents, the county does not have an interest in the particular outcome of the proposal for a special rent increase.

Pinto Lake argues the residents are not necessary parties under *Pinnacle Holdings*, which it characterizes as controlling legal authority.  The court in *Pinnacle Holdings* found mobile home park residents were not proper parties to a declaratory relief and mandamus action involving a proposed rent increase.  (*Pinnacle Holdings*, *supra*, 31 Cal.App.4th at p. 1432.)  There the park owner petitioned a city mobile home rent review board for a discretionary rent increase pursuant to city ordinance.  (*Id.* at pp. 1432–1433.)  Receiving only partial relief, the owner sought review in the superior court, naming as defendants the city, the board, and four mobile home park residents who had attended a public hearing to protest the rent increase.  (*Id*. at p. 1433.)  The protesting residents were named as defendants and real parties in interest to the declaratory relief cause of action, and the park owner moved to certify a class of more than 300 residents with the four protesters as named representatives.  (*Id*. at pp. 1432–1435.)  Two of the protesters demurred to the petition on grounds of misjoinder and failure to state a claim, and joined by a third protester they opposed class certification and named representative status.  (*Id*. at p. 1433.)  The superior court declined to certify the class, sustained the demurrers, and dismissed the demurring protesters as parties.  (*Ibid*.)

The park owner in *Pinnacle Holdings* argued on appeal that joining the protesters as real parties in interest was permissible to eliminate any concern about the protesters' due process rights.  (*Pinnacle Holdings*, *supra*, 31 Cal.App.4th at pp. 1433, 1435.)

Rejecting that argument, the appellate court noted that the protesters were four tenants who received notice of the owner's rent increase application; they had a right under the city's ordinance (a copy of which accompanied the application) to appear at the hearing and speak out against the proposed increase; the owner was not protecting those rights by suing the protesters; and the protesters had the ability to protect their interest by seeking injunctive relief under the city's ordinance or intervening in the owner's lawsuit if they so desired. (*Id*. at pp. 1435–1436.) The court expressed the view that the protesters had been sued simply because they appeared at the rent increase hearing, and that the trial court may well have granted an anti-SLAPP motion had the protesters availed themselves of that procedure. (*Id*. at p. 1437.)

Pinto Lake asserts that *Pinnacle Holdings* should control because, as in that case, the case here involves a mobile home park owner's rent increase application and a resulting decision affecting the park residents; an administrative mandamus proceeding in the trial court; and a request for relief (in the form of a writ directed to the county) neither against nor sought from the residents. But shared facts alone do not translate to controlling law. The issue presented in *Pinnacle Holdings* was whether, merely by exercising their right at a public hearing to protest a proposed rent increase, tenants can be haled into court to defend the local entity's decision adverse to the property owner. (*Pinnacle Holdings*, *supra*, 31 Cal.App.4th at pp. 1432, 1435.) The issue before us is entirely different and arises under the specific provisions of the Santa Cruz County Code: Whether mobile home park residents, who are formally designated and collectively participate as a responding party in an administrative proceeding on a special rent increase application, are necessary parties to the applicant owner's lawsuit challenging the administrative decision. The *Pinnacle Holdings* court's rejection of the mobile home park owner's ploy to sue the protesting tenants does not inform whether the Pinto Lake residents are necessary to this action challenging an administrative decision governed by an entirely different local ordinance.

11

Pinto Lake points to the statement in *Pinnacle Holdings* that " ' "a person should not be compelled to defend himself in a lawsuit when no relief is sought against him." ' " (*Pinnacle Holdings*, *supra*, 31 Cal.App.4th at p. 1437.)  That quote comes from a homeowners association's declaratory relief action (*Duffy v. Superior Court* (1992) 3 Cal.App.4th 425, 427) concerning the association's standing to litigate the scope of its CC&Rs by joining the homeowner against whom the regulations were to be enforced. (*Id*. at pp. 429, 433.)  The comment derived from a discussion of standing, not a determination of necessary parties to mandamus review following a formal administrative hearing.

Pinto Lake also points to language in *Pinnacle Holdings* suggesting, without elaboration, that the protesting residents in that case were not "proper parties to the cause of action for administrative mandamus under Code of Civil Procedure section 1094.5 since that action is directed to a final administrative order or decision." (*Pinnacle Holdings*, *supra*, 31 Cal.App.4th at p. 1436.)  We reject Pinto Lake's interpretation that the prevailing party to a final administrative decision is not a proper party in an action challenging that very decision.  Indeed, that proposition is contrary to the well-established rule that "[a] petition for writ of mandate must name the real party in interest," who "is 'usually the other party to the lawsuit or proceeding being challenged.' " (*Sonoma County Nuclear Free Zone v. Superior Court* (1987) 189 Cal.App.3d 167, 173.)  We again observe that unlike the residents in *Pinnacle Holdings,* here the residents are specifically designated by the local ordinance as respondents in the administrative proceeding.  (Santa Cruz County Code, § 13.32.060(B).)

We also reject Pinto Lake's argument that the trial court misapplied the law by relying on *Liang*, a case in which a landlord was deemed an indispensable party to a mandamus action brought by a tenant.  The tenant in *Liang* applied to a city rent control board for a significant rent reduction based on habitability concerns.  (*Liang*, *supra*,

12

124 Cal.App.4th at p. 776.) An administrative law judge denied relief, and after losing her appeal to the rent control board, the tenant filed an untimely petition in the trial court naming the board as the sole defendant. (*Ibid.*) The *Liang* court affirmed the trial's court dismissal of the petition both as untimely and for failing to join the landlord as an indispensable party. (*Id.* at p. 777.) The *Liang* court incorrectly referred to a person described by subdivision (a) as an "indispensable" party, and in reaching its decision it did not cite to or consider the factors in subdivision (b). (*Id.* at p. 778.) It relied instead on a test formulated by the California Supreme Court before section 389 was amended to its present form to conform to Rule 19 of the Federal Rules of Civil Procedure. (*Liang*, at p. 778, citing *Sierra Club, Inc. v. Cal. Coastal Com.*, *supra*, 95 Cal.App.3d at p. 501, citing *Bank of California v. Superior Cour*t (1940) 16 Cal.2d 516, 522.) Even if the court in *Liang* conflated the necessary party and indispensable party analyses, as Pinto Lake argues, the trial court's reference to the case in its order sustaining the demurrer does not reveal a misapplication of the law amounting to an abuse of discretion.

## B. REMAND IS NECESSARY TO PERMIT THE TRIAL COURT TO DECIDE UNDER CODE OF CIVIL PROCEDURE SECTION 389, SUBDIVISION (B) WHETHER PINTO LAKE'S LAWSUIT SHOULD PROCEED IN THE RESIDENTS' ABSENCE

In light of Pinto Lake's election to stand on the original complaint, we may affirm its dismissal on any meritorious ground raised by the county's demurrer. (*Sutter v. Gamel*, *supra*, 210 Cal.App.2d at p. 533.) The county argued that the lawsuit should not proceed without the residents who were necessary and indispensable, and whose joinder was barred by the applicable statute of limitations. But the trial court never determined whether the residents could be made parties and, if not, whether the matter should be dismissed or proceed in their absence.[4]

---

[4] Pinto Lake concedes in this court that the 90-day statute of limitations in section 1094.6 precludes making the residents parties to the lawsuit. We accept the concession (*Thompson v. Palmer Corp.* (1956) 138 Cal.App.2d 387, 395 ["The filing of the original complaint stop[s] the running of the statute of limitations only as to those who [are]

13

Subdivision (b) of section 389 gives the trial court discretion to "determine whether in equity and good conscience" Pinto Lake's action should proceed without the residents. (§ 389, subd. (b); *San Joaquin*, *supra*, 54 Cal.App.4th at p. 1151.) Subdivision (b) "leaves the judge 'with substantial discretion in considering which factors to weigh and how heavily to emphasize certain considerations in deciding whether the action should go forward in the absence of someone needed for a complete adjudication of the dispute.' " (*San Joaquin*, at p. 1154; *Kaczorowski v. Mendocino County Bd. of Supervisors*, *supra*, 88 Cal.App.4th at p. 568 ["trial court has a large measure of discretion in weighing factors of practical realities and other considerations"].) The inquiry " 'calls for a pragmatic decision based on practical considerations in the context of a particular litigation' " and is therefore appropriately undertaken by the trial court in the first instance. (*San Joaquin*, at pp. 1152–1153; *Sam v. Beech Aircraft* (9th Cir. 1980) 625 F.2d 273, 278 [declining to apply Rule 19(b) factors sua sponte].) We will remand the matter for the trial court to consider the particular facts and equities in the case and to exercise its discretion. We note that in reaching its decision, no single factor under subdivision (b) is determinative or necessarily more important than another. (*San Joaquin*, at p. 1149.)

### III.  DISPOSITION

The judgment is reversed. The matter is remanded to the trial court to exercise its discretion under Code of Civil Procedure section 389, subdivision (b). Appellant shall be bound by its concession in this court that the residents cannot be made a party to the trial court action. The parties shall bear their own costs on appeal.

---

parties defendant at the time it was filed"]), and we decline Pinto Lake's invitation to direct the trial court on remand to identify the residents for service of process purposes or grant leave to file an amended complaint.

14

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Danner, J.

**H045757 - *Pinto Lake MHP LLC v. County of Santa Cruz***

| | |
|---|---|
| Trial Court: | Santa Cruz County Superior Court<br>Case No. 17CV01424 |
| Trial Judge: | Hon. John M. Gallagher |
| Counsel for Plaintiff/Appellant<br>Pinto Lake MPH, L.L.C. | James Patrick Ballantine<br>  Ballantine Law |
| Counsel for Defendant/Respondent<br>County of Santa Cruz | Jason Heath<br>Dana McRae<br>  County Counsels<br>Ryan M. Thompson<br>  Assistant County Counsel<br>  County of Santa Cruz |
| Counsel for Amicus Curiae<br>Pinto Lake Mobile Home Park<br>Homeowners Association | Creighton A. Mendivil<br>  Senior Citizens Legal Services |

**H045757 - *Pinto Lake MHP LLC v. County of Santa Cruz***