Filed 12/30/20  Hassan v. Liberty Mutual Ins. Corp. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SHARON HASSAN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE CORPORATION, et al.,<br><br>    Defendants and Respondents. | H044053<br>(Santa Clara County<br>Super. Ct. Nos. 114CV270403;<br>114CV270976; 114CV270978) |

This case involves an alleged trip and fall.  Plaintiff ShaRon Hassan filed, in propria persona, three separate lawsuits for damages based on the incident.  In one action, Hassan sued the City of San Jose (City) (*Hassan v. City of San Jose*, Santa Clara County Superior Court, case No. 114CV270403 (case No. 114CV270403)).  In a second action, Hassan sued the Santa Clara County Law Library (County Law Library) and eventually others (*Hassan v. Santa Clara County Law Library et al.*, Santa Clara County Superior Court, case No. 114CV270976 (case No. 114CV270976)).  Those additional defendants included Liberty Mutual Insurance Company (Liberty Mutual) and Golden Eagle Insurance Corporation[1] (Golden Eagle) (collectively, Insurance Defendants).  In a third action, Hassan sued the County of Santa Clara (County) (*Hassan v. County of Santa Clara*, Santa Clara County Superior Court, case No. 114CV270978

---

[1] During the proceedings in the trial court, the Insurance Defendants repeatedly informed the court that Hassan had erroneously sued the Golden Eagle Insurance Corporation as the "Golden Eagle Insurance Company."

(case No. 114CV270978.)  The three actions were consolidated by the trial court, and the action against the City became the lead case.

In her appellant's opening brief, Hassan purports to have appealed, in propria persona, from "judgments" sustaining demurrers without leave to amend and a multitude of other orders.[2]  This court requested supplemental briefing on the threshold issue of appealability.  We have concluded that the only appealable judgments or orders are (1) the December 4, 2015 judgment in favor of the Insurance Defendants (see § 904.1, subd. (a)(1)) and (2) the March 28, 2016 order denying Hassan's motion to reconsider the judgment in favor of the Insurance Defendants, which was predicated on various provisions of the Code of Civil Procedure[3] and may be appealable, at least insofar as it was not a ruling pursuant to section 1008, subdivision (a) (1008(a)).  (See §§ 904.1, subd. (a)(2); 1008, subd. (g).)  As to Hassan's cognizable claims concerning matters reviewable on appeal from the December 4, 2015 judgment in favor of the Insurance Defendants—insofar as we can discern them—we conclude that they are meritless or have been forfeited.

As to the March 28, 2016 order denying Hassan's motion to reconsider the December 4, 2015 judgment, we further conclude that the court lacked jurisdiction to rule on it.  In January of 2016, Hassan filed notices of appeal from the December 4, 2015 judgment.  Those notices divested the trial court of jurisdiction "over any matter embraced in or affected by the appeal during the  pendency of that appeal."  (*Varian*

---

[2] This court granted Hassan's motion to consider her appeals in case Nos. H042597 and H044053 together for briefing, oral argument, and decision. However, by separate order this court dismissed the appeal in case No. H042597 as an appeal from a nonappealable order and dismissed other purported appeals from nonappealable orders.  The court partially granted (1) Hassan's motion to augment that was filed on July 31, 2019 and (2) her motion to augment that was filed on August 19, 2020.  On our own motion, this court takes judicial notice of the court records in case No. H042597.  (See Evid. Code, §§ 452, subd. (d); 459.)

[3] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

*Medical Systems*, *Inc*. *v*. *Delfino* (2005) 35 Cal.4th 180, 196-197 (*Varian*).) Consequently, the court's March 28, 2016 ruling on the motion was void from the beginning.  (See *id*. at pp. 198-199.)

We will (1) affirm the December 4, 2015 judgment in favor of the Insurance Defendants and (2) reverse the postjudgment March 28, 2016 order.

I

*Procedural Background*

In case No. 114CV270976, Hassan sued the County Law Library for general negligence and premises liability.  The County Law Library successfully demurred to the complaint, and the court gave Hassan leave to amend.

On March 4, 2015, Hassan filed an amended complaint, denominated a "Second Amended Complaint for Damages" (hereafter second amended complaint), against the County Law Library and other parties, including the Insurance Defendants.  It alleged 13 "causes of action": (1) "Premise Liability"; (2) "Negligence: General; via Res lpsa Loquitur; Strict Liability; Per Se"; (3) "Contributory Negligence"; (4) "Intentional Tort"; (5) "Dangerous Conditions with Foreseeable Risks"; (6) "Negligent and Wrongful Acts of Employee(s), and/or Trustee(s) that Created and Continued the Dangerous Conditions"; (7) "Defendants had Actual and Constructive Knowledge of Dangerous Conditions with Sufficient Time to Repair"; (8) "Duty of Care/Warn: Failure to Care, to Warn, to Remedy Dangerous Conditions"; (9) "Defendants had Control, Responsibility and Power to Fix or Repair Dangerous Conditions"; (10) "Violations of the Americans with Disabilities Act of 1990 (ADA)"; (11) "Personal Injury and Sufferance to Plaintiff"; (12) "Proximate Cause for Negligence"; and (13) "Compensatory, Punitive and Special Damages."

The second amended complaint alleged that Hassan's trip and fall occurred at approximately 7:10 p.m. on October 28, 2013 and was caused by the County Law Library's "dangerous property condition."  That condition was described as "a neglected,

3

dark, dangerously uneven, lifted concrete sidewalk, with large cracks and lifted concrete slabs, lifted over 3 inches high, in multiple places [that] surrounded [its] business entrance and parking lot" near First and Bassett Streets in San Jose, California. The second amended complaint also alleged in the premises liability cause of action that "[t]he defendants' property was and is controlled, owned, leased, a tenancy, and/or insured by one or more of the defendants, herein listed."

On March 27, 2015, the County Law Library demurred to the second amended complaint and concurrently moved to strike certain allegations of that complaint. The Insurance Defendants also demurred to the second amended complaint.

On April 22, 2015, the trial court consolidated, for all purposes, Hassan's three cases based on the single trip and fall incident. The court designated case No. 114CV270403 the lead case. (See *Hamilton v. Asbestos Corp.* (2000) 22 Cal.4th 1127, 1147; see also Cal. Rules of Court, rule 3.350.)[4]

The demurrers and the motion to strike were heard on May 12, 2015. In an order filed May 14, 2015, the trial court sustained the demurrers of the Insurance Defendants to the second amended complaint without leave to amend.[5]

On May 26, 2015, Hassan filed a motion to set aside the trial court's May 14, 2015 order. She asked the trial court to take judicial notice of specified documents in support of the motion. The trial court heard Hassan's motion to set aside its May 14, 2015 order and took the matter under submission.

By written order filed on June 30, 2015, the court granted Hassan's request for judicial notice in part but denied her set-aside motion. The court explained that there was

---

[4] All further references to rules are to the California Rules of Court.
[5] In the same May 14, 2015 order, the trial court ruled on the County Law Library's demurrer to the second amended complaint and motion to strike some allegations of that complaint. The court gave Hassan leave to file a consolidated complaint that explained the inconsistencies of her pleadings in the three actions and did not add new causes of action.

"no authority for a motion to set aside orders based on *the [c]ourt's* mistakes" and that even if the motion were regarded as a motion for reconsideration pursuant to section 1008—which Hassan had not cited—Hassan had failed "to demonstrate a satisfactory explanation for the failure to produce her purported 'new or different facts or circumstances' at an earlier time." The trial court further indicated that even if it were to reconsider its rulings, it would still make the same rulings.

A judgment in favor of the Insurance Defendants and against Hassan was filed on December 4, 2015. The judgment indicated that the court had sustained the Insurance Defendants' demurrer to a second amended complaint by order filed May 14, 2015. The judgment stated that the Insurance Defendants, "as the prevailing parties, shall recover their costs from plaintiff ShaRon Hassan as provided by law."

On December 31, 2015, Hassan filed a memorandum of points and authorities in support of a motion to reconsider the December 4, 2015 judgment in favor of the Insurance Defendants based on sections 473, subdivision (b) (473(b)), 663, 1008(a), and 1008, subdivision (b) (1008(b)).

On February 2, 2016, a hearing was held on Hassan's motion to reconsider the December 4, 2015 judgment in favor of the Insurance Defendants.

By written order filed March 28, 2016, the trial court denied Hassan's motion to reconsider the December 4, 2015 judgment. Even though the court believed that it "lack[ed] jurisdiction to rule on [Hassan's] motion to reconsider" because the judgment had been entered, it still considered the motion and denied it.

II

*Discussion*

A. *Principles of Appellate Review*

Hassan appears to misapprehend the nature and scope of appellate review and the burdens that must be carried by an appellant.

5

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609, fn. omitted; see Cal. Const., art. VI, § 13 ["error complained of [must have] resulted in a miscarriage of justice"]; Evid. Code, § 664 [statutory presumption that "official duty has been regularly performed"]; *People v. Stowell* (2003) 31 Cal.4th 1107, 1114 (*Stowell*) ["the general rule [is] 'that a trial court is presumed to have been aware of and followed the applicable law. [Citations.]' [Citations.]"].)

Further, "[i]t has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment [or order] as of the time of its rendition, upon a record of matters which were before the trial court for its consideration.' [Citation.]" (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) "[N]ormally 'when reviewing the correctness of a trial court's judgment [or order], an appellate court will consider only matters which were part of the record at the time the judgment [or order] was entered.' (*Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813.)" (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3, abrogated on another ground in

6

*Bristol-Myers Squibb Co. v. Superior Court* (2017) ___ U.S. ___, ___ [137 S.Ct. 1773, 1781].)

Thus, "[t]he appellate court is ordinarily confined in its review to the proceedings that took place in the court below and are brought up for review in a properly prepared record on appeal. [Citations.]" (9 Witkin, Cal. Proc. (5th ed. 2020) Appeal, § 334.) "Factual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs. [Citations.]" (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102; see *Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625 [" 'Statements of alleged fact in the briefs on appeal which are not contained in the record and were never called to the attention of the trial court will be disregarded by this court on appeal. [Citations.]' [Citations.]"].) Each brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Rule 8.204(a)(1)(C).)

Hassan also overlooks the general rule that to preserve an issue for review on appeal, a party must make a specific and timely objection in the trial court and assert the same issue on appeal. " ' "No procedural principle is more familiar to this [c]ourt than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." [Citation.]' (*United States v. Olano* (1993) [507 U.S. 725, 731].)" (*People v. Saunders* (1993) 5 Cal.4th 580, 590.) "The forfeiture rule generally applies in all civil and criminal proceedings. [Citation.]" (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264.) "The forfeiture doctrine is a 'well-established procedural principle that, with certain exceptions, an appellate court will not consider claims of error that could have been—but were not—raised in the trial court. [Citation.]' [Citations.] Strong policy reasons support this rule: 'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court,

7

could have been easily corrected or avoided.  [Citations.]'  [Citation.]"  (*Stowell*, *supra*, 31 Cal.4th at p. 1114.)

Moreover, it is not this court's "role" to "construct a theory supportive of" an appellant's claims on appeal.  (*People v. Stanley* (1995) 10 Cal.4th 764, 793 (*Stanley*).) " '[E]very brief should contain a legal argument with citation of authorities on the points made.  If none is furnished on a particular point, the court may treat it as waived [or, more accurately, forfeited], and pass it without consideration.  [Citations.]'  [Citations.]" (*Ibid.*; see rule 8.204(a)(1)(B).)  "Generally, asserted grounds for appeal that are unsupported by any citation to authority and that merely complain of error without presenting a coherent legal argument are deemed abandoned and unworthy of discussion. [Citation.]"  (*Wright v. City of Los Angeles* (2001) 93 Cal.App.4th 683, 689; see *Hanberry v. Hearst Corp.* (1969) 276 Cal.App.2d 680, 688.)

In addition, "[o]bvious reasons of fairness militate against consideration of an issue raised initially in the reply brief of an appellant.  [Citations.]"  (*Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11 (*Varjabedian*).)  Generally, points raised for the first time in a reply brief will not be considered by the reviewing court.  (See *Julian v. Hartford Underwriters Ins. Co.* (2005) 35 Cal.4th 747, 761, fn. 4.)

Accordingly, Hassan has forfeited for review all cognizable issues not supported by legal argument, citation of legal authority, and specific citation to the appellate record.

B.  *Judgment in Favor of Insurance Defendants*

Insofar as Hassan's contentions concern the Insurance Defendants and are intelligible, we will review them to the extent permitted by section 906.

1.  *Trial Court's Consolidation Order*

On appeal, Hassan asserts that the trial court's "consolidation of the cases resulted in unfair, prejudicial hearings and orders against [her] by the lower courts and the [d]efendants."  She claims that case Nos. "114CV270976 and 114CV270978 already had pleadings, orders and decisions made since 9/23/14, all of which were not integrated,

8

considered, nor respected by the consolidated Court to the harm and detriment of [her] and her cases." She argues that "[i]t would have been much more manageable for an inexperience[d] [plaintiff] to keep the cases separately [*sic*]" and that "adding them together confused [her] and made her unsure of the process." She maintains that "[d]efendants were of different types and needed to be addressed separately."

At the hearing on the City's motion to consolidate the three cases concerning the trip and fall incident, the trial court observed that Hassan had not filed any opposition. Hassan expressed some misgivings concerning consolidation and indicated concern that it might prejudice her case against the County Law Library. But contrary to Hassan's assertion on appeal, she did not at that hearing introduce, and the court did not admit, any evidence—i.e., documents or sworn testimony—into the evidentiary record in opposition to consolidation. By order filed on April 22, 2015, the trial court ordered the three cases consolidated. The order sustaining the Insurance Defendants' demurrer without leave to amend was entered on May 14, 2015.

Even assuming that we may review the consolidation order insofar as it concerned the Insurance Defendants, Hassan has not presented any comprehensible legal argument, supported by legal authority, to establish that (1) the trial court committed legal error by consolidating the cases and (2) the order prejudiced her action against the Insurance Defendants. Consequently, we deem this claim forfeited. (See *Stanley*, *supra*, 10 Cal.4th at p. 793; see also rule 8.204(a)(1)(B) & (a)(1)(C).)

2. *Alleged Failure to Meet and Confer Prior to the Filing of Demurrer*

On appeal, Hassan broadly complains that "there are no meet and confer records, histories or prior meetings with [her] by either insurance company regarding any motions, demurrers, hearing or filings by insurance companies against [her]." She cites section 430.41, which requires that before the filing of a demurrer, the parties meet and confer to determine "whether an agreement can be reached that would resolve the objections to be raised in the demurrer." (§ 430.41, subd. (a).) That section was added in

9

2015 and went into effect on January 1, 2016.  (Stats. 2015, ch. 418, § 1; see Cal. Const., art. IV, § 8, subd. (c); Gov. Code, § 9600, subd. (a).)  It was not in effect when the Insurance Defendants demurred to the second amended complaint or when the court ruled on their demurrer.[6]

Further, Hassan has not established, by specific citation to the appellate record, that (1) the parties failed to meet and confer before the Insurance Defendants filed their demurrer to the second amended complaint or that (2) before the trial court ruled on the demurrer, she objected on the ground that the Insurance Defendants had failed to meet and confer with her.  As indicated, under the forfeiture rule, "a reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court.  [Citation.]"  (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, fn. omitted, superseded by statute on another ground as stated in *In re S.J.* (2008) 167 Cal.App.4th 953, 962.)  "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected.  [Citation.]"  (*Ibid.*)  Moreover, as stated, it is a principle of appellate review that a lower court's judgment or order is presumed correct and that error must be affirmatively shown on appeal.  (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).)

Hassan has not shown that she preserved any "meet and confer" claim by timely objecting below.  In any case, she has demonstrated neither error nor prejudice.  (See Cal. Const., art. VI, § 13.)

3.  *Order Sustaining Insurance Defendants' Demurrers Without Leave to Amend*

On appeal, Hassan argues that a trial court commits reversible error in sustaining a demurrer without leave to amend if the plaintiff shows "either in the trial court or on appeal" that there exists "a reasonable possibility [that] any defect identified by the defendant can be cured by amendment."  Without any citation to the record, she

---

[6] Hassan also cites rule 3.724, which requires parties to meet and confer "before the date set for the initial case management conference."

maintains that she "showed the lower courts, both orally and in writing, how she could fix the defects," but "[t]he lower courts ignored her, completely."

The Insurance Defendants demurred to each of the 13 causes of action contained in the second amended complaint. They demurred on three grounds: (1) each cause of action did not state facts sufficient to constitute a cause of action (see § 430.10, subd. (e)); (2) there was a misjoinder of parties (see *id.*, subd. (d)); and (3) each cause of action was impermissibly uncertain, vague, and ambiguous as to them (see *id.*, subd. (f)).[7]

In the May 14, 2015 order, the trial court noted that Hasan had conceded that the Insurance Defendants did not own the property at issue. Her assertion had been that the Insurance Defendants had " 'unreasonably denied [her] claim on behalf of [the] insured,' and [they] somehow controlled the subject property 'in that they, according to their insured, were to monitor and correct property for premise [*sic*] liability issues . . . .' "[8] The trial court sustained the Insurance Defendants' demurrer without leave to amend on the grounds that the pleading failed to state facts sufficient to constitute a cause of action against them, was uncertain as to them, and there was a misjoinder of parties.

Hassan presents no argument, and cites no supporting legal authorities to show, that (1) the second amended complaint filed in case No. 114CV270976 stated facts

---

[7] In support of their demurrer, the Insurance Defendants filed the declaration of a senior claims specialist for Liberty Mutual. The declaration indicated that Golden Eagle, which was a subsidiary of Liberty Mutual, had issued a policy to the County Law Library, the named insured, for the policy period October 6, 2013 to October 6, 2014. "The defendant cannot strengthen [a] demurrer by bringing in evidentiary material that discloses a defect in the complaint." (5 Witkin, Cal. Procedure (5th ed. 2020) Pleading, § 947.) "Because the demurrer tests the pleading alone, and not the evidence or other extrinsic matters, it lies only where the defects appear on the face of the pleading." (*Ibid.*)

[8] "The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury. [Citations.] Premises liability ' "is grounded in the possession of the premises and the attendant right to control and manage the premises[.]" ' " (*Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1158.)

11

sufficient to constitute a valid cause of action against the Insurance Defendants, (2) the pleading was not uncertain as to them, or (3) the Insurance Defendants were proper parties. She makes no attempt whatsoever to demonstrate that there was a reasonable possibility that any defects could be cured by amendment. Furthermore, Hassan seems to disclaim any desire to return the Insurance Defendants to the consolidated lawsuit. She asks this court to "grant leave" to amend all causes of action, "add new facts," and "add all previously identified defendants (except the INSURANCE companies)."

As the appellant, Hassan had "the burden to show either that the demurrer was sustained erroneously or that the court abused its discretion in sustaining the demurrer without leave to amend. [Citations.]" (*Pinnacle Holdings*, *Inc*. *v*. *Simon* (1995) 31 Cal.App.4th 1430, 1434.) Ordinarily, "[i]n reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory. (*Lee v*. *Hanley* (2015) 61 Cal.4th 1225, 1230.) Where the demurrer was sustained without leave to amend, we consider whether the plaintiff could cure the defect by an amendment. The plaintiff bears the burden of proving an amendment could cure the defect. (*Blank v*. *Kirwan* (1985) 39 Cal.3d 311, 318.)" (*T.H. v*. *Novartis Pharmaceuticals Corp*. (2017) 4 Cal.5th 145, 162.)

Given the lack of any meaningful legal argument, we deem any challenge to the court's ruling sustaining the Insurance Defendants' demurrer without leave to amend forfeited on appeal. (See *Stanley*, *supra*, 10 Cal.4th at p. 793; see also rule 8.204(a)(1)(B) & (a)(1)(C).) Moreover, Hassan has not shown that the court's May 14, 2015 order concerning the Insurance Defendants constituted reversible error. (See *Denham*, *supra*, 2 Cal.3d at p. 564; Cal. Const., art. VI, § 13.)

4. *June 30, 2015 Order Denying Motion to Set Aside May 14, 2015 Order*

In her opening brief, Hassan indicates that she is also "appealing" from a "6/30/15" order. As indicated, the trial court's June 30, 2015 order denied Hassan's motion to set aside its May 14, 2015 order sustaining demurrers and granting the County

12

Law Library's motion to strike certain allegations in the complaint. The June 30, 2015 order was not directly appealable. (See § 904.1, subd. (a); *I.J. Weinrot & Son v. Jackson* (1985) 40 Cal.3d 327, 331, superseded by statute on another ground as stated in *Lim v. Silverton* (1997) 61 Cal.App.4th Supp. 1, 3; see also *Genis v. Krasne* (1956) 47 Cal.2d 241, 249, superseded by statute on another ground as stated in *Walker v. Ticor Title Co. of California* (2012) 204 Cal.App.4th 363, 372.)

Hassan's opening brief contains no argument that is intelligibly and specifically directed at the June 30, 2015 order, much less at the order insofar as it concerned the Insurance Defendants' demurrer. For the first time in her reply brief, Hassan contends, without any supporting legal argument, that the trial court abused its discretion when it made its June 30, 2015 ruling by "ignor[ing] contrary evidence" provided to the court and that the court had made "prejudicial mistakes" that "caused unfair, unjust and biased rulings and orders." We deem any challenge to the June 30, 2015 order as it concerned the Insurance Defendants forfeited in this appeal. (See *Stanley*, *supra*, 10 Cal.4th at p. 793; rule 8.204(a)(1)(B) & (a)(1)(C); *Varjabedian*, *supra*, 20 Cal.3d at p. 295, fn. 11.)

C. *Postjudgment Order Denying Motion to Reconsider Judgment*

On April 25, 2016, Hassan filed two separate notices of appeal—one naming Liberty Mutual as the respondent and the other naming Golden Eagle as the respondent— from the March 28, 2016 order. On appeal, Hassan indicates that she is appealing from a March 28, 2016 order.

In an order filed March 28, 2016, the trial court denied Hassan's motion to reconsider the December 4, 2015 judgment in favor of the Insurance Defendants. Hassan based her motion on sections 473(b) (motion to set aside judgment taken through party's mistake, inadvertence, surprise, or excusable neglect), 663 (motion to vacate judgment), and 1008(a) and (b) (motion to reconsider).

A postjudgment order denying relief from a judgment may be a directly appealable order. (See §§ 904.1, subd. (a)(2); *Austin v. Los Angeles Unified School Dist.* (2016) 244

13

Cal.App.4th 918, 927, fn. 6; *Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394 [postjudgment order denying relief under section 473(b) is appealable]; *Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 135 [appeal from postjudgment order denying a section 663 motion is "permissible without regard to whether the issues raised in the appeal from the denial of the section 663 motion overlap with issues that were or could have been raised in an appeal of the judgment"]; but see section 1008, subd. (g) ["An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable."]; *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 654 ["postjudgment orders that neither literally add to nor subtract from the judgment can . . . be appealable, as long as they affect the judgment or relate to its enforcement"]; *Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 358 ["An order denying a motion to vacate an appealable judgment is generally not appealable if such appeal raises only matters that could be reviewed on appeal from the judgment itself"].)  The denial of a motion for reconsideration made pursuant to section 1008(a), although not appealable, is "reviewable as part of an appeal" from the order that was the subject of a motion for reconsideration if that order was appealable.  (§ 1008, subd. (g).)

Hassan's opening brief contains no argument that is intelligibly and specifically directed at the March 28, 2016 denial of her motion for reconsideration of the judgment. Accordingly, any challenge to it was forfeited.  (See *Stanley*, *supra*, 10 Cal.4th at p. 793; rule 8.204(a)(1)(B) & (a)(1)(C).)

Nevertheless, we conclude that the order was void when made.  Before the trial court ruled on the motion to reconsider, Hassan initiated a valid appeal from the December 4, 2015 judgment, which divested the trial court of jurisdiction "over any matter embraced in or affected by the appeal during the pendency of that appeal." (*Varian*, *supra*, 35 Cal.4th at pp. 196-199; see *id*. at p. 189 [discussing the automatic stay provision of section 916, subdivision (a)].)  Trial court proceedings are stayed if they "directly or indirectly seek to 'enforce, vacate or modify [the] appealed judgment or

14

order.' [Citation.]" (*Id*. at pp. 189-190, fn. omitted.) "The purpose of the automatic stay provision of section 916, subdivision (a) 'is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. . . . .' [Citation.]" (*Id*. at p. 189.) However, "the pendency of an appeal [from the judgment] does not divest the trial court of jurisdiction to determine ancillary or collateral matters which do not affect the judgment on appeal." (*Betz v. Pankow* (1993) 16 Cal.App.4th 931, 938.)

The automatic stay, "as a matter of logic and policy, divests the trial court of jurisdiction over the subject matter on appeal—i.e., jurisdiction in its fundamental sense." (*Varian*, *supra*, 35 Cal.4th at p. 198.) Thus, it "necessarily renders any subsequent trial court proceedings on matters 'embraced' in or 'affected' by the appeal void—and not merely voidable [citation]." (*Ibid*.) " '[F]undamental jurisdiction cannot be conferred by waiver, estoppel, or consent. Rather, an act beyond a court's jurisdiction in the fundamental sense is null and void' *ab initio*. [Citation.]" (*People v. Lara* (2010) 48 Cal.4th 216, 225.)

For example, "an appeal from a judgment on the pleadings precludes a trial court from granting leave to amend the complaint because affirmance of the judgment is irreconcilable with an order granting leave to amend. [Citation.]" (*Varian*, *supra*, 35 Cal.4th at p. 190; see 5 Witkin, Cal. Procedure, *supra*, Pleading, § 1002 [a defendant's motion for judgment on the pleadings is "made on the same grounds, and is decided on the same basis as a general demurrer"].) Also, "[d]uring the pendency of an appeal, the trial court is without power to hear a motion to vacate judgment from which an appeal has been taken [citations]." (*Copley v. Copley* (1981) 126 Cal.App.3d 248, 298 [motion to vacate a judgment under sections 473 and 663].)

"Where the law allows an appeal from a judgment or order, it is appealable even though void. (*Phelan v. Superior Court* (1950) 35 Cal.2d 363, 366.) The proper procedure is to reverse the void order rather than dismiss the appeal from it. (*Avery v. Associated Seed Growers*, *Inc*. (1963) 211 Cal.App.2d 613, 630.)" (*Ruiz v. Ruiz* (1980)

15

104 Cal.App.3d 374, 379, fn. 5; see *Varian*, *supra*, 35 Cal.4th at p. 200 [" 'When . . . there is an appeal from a void judgment, the reviewing court's jurisdiction is limited to reversing the trial court's void acts.' [Citation.]"].)

DISPOSITION

The December 4, 2015 judgment in favor of defendants Liberty Mutual Insurance Company and Golden Eagle Insurance Corporation is affirmed. The March 28, 2016 order denying plaintiff Hassan's motion to reconsider the judgment is reversed as void. Hassan shall bear costs on appeal.

_____

ELIA, J.

WE CONCUR:


_____

PREMO, Acting P.J.



_____

BAMATTRE-MANOUKIAN, J.




_Hassan v. Liberty Mutual Insurance Corporation, et al._
H044053